Dale Robert STEINBUCH,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C5–98–465.

Supreme Court of Minnesota.

Feb. 4, 1999.

See also, 514 N.W.2d 793.

Dale Robert Steinbuch, pro se, Stillwater.

Michael A. Hatch, Attorney General, St. Paul, Roger S. VanHeel, Stearns County Attorney, Will R. Brost, Asst. County Attorney, St. Cloud, for respondent.

OPINION

LANCASTER, J.

Appellant, Dale Robert Steinbuch, was convicted in September 1992 of two counts of first-degree murder and one count of second-degree murder for the murder of his wife, daughter, and stepdaughter. In November 1992, the trial court sentenced Steinbuch to

two consecutive life terms plus 305 months. Steinbuch was also ordered to pay restitution in the amount of $12,208.09 to the estate of his wife, Geraldine O'Meara Steinbuch,[1] and $10,237 to the Minnesota Crime Victim's Reparation Board.[2] Steinbuch was further ordered to pay $8,317.19 to Stearns County for prosecution costs.[3] We affirmed the convictions on direct appeal. *See State v. Steinbuch*, 514 N.W.2d 793 (Minn.1994).[4]

In October of 1997, Steinbuch filed a petition for postconviction relief with the Stearns County District Court. Steinbuch sought an order declaring that he did not have to pay any further restitution, and that he should be refunded any restitution already paid. Steinbuch based this request on his assertions that the trial court abused its discretion by: (1) ordering Steinbuch to pay restitution without first determining whether he had an ability to pay; (2) failing to make a factual basis in the record for the victims' loss; (3) failing to itemize the victims' losses; (4) failing to notify Steinbuch and his attorney before the hearing that it was going to order restitution; and (5) failing to hold the state to its burden of proof with regard to the victims' loss before ordering restitution. In an affidavit attached to the petition for postconviction relief, Steinbuch now alleges that a recent injury he sustained at his prison job might prevent him from working and thus earning the money needed to pay the court-imposed restitution and prosecution costs.

The postconviction court denied Steinbuch's petition for relief and denied his request for an evidentiary hearing. The postconviction court held that Steinbuch's claims that the trial court abused its discretion were procedurally barred, as Steinbuch was aware of these claims but did not raise them at the time of direct appeal. The postconviction court also addressed Steinbuch's claim of injury, and found that Steinbuch had not pro-

vided sufficient evidence for the court to consider his claim.

Steinbuch now appeals from the postconviction court's denial of his petition. Steinbuch argues the postconviction court abused its discretion when it failed to either vacate or modify the portions of his sentence requiring him to pay restitution and prosecution costs.

The statutory basis for a claim for postconviction relief is found in Minn.Stat. ch. 590 (1996). Section 590.01 provides, in part:

> Except at a time when direct appellate relief is available,[5] a person convicted of a crime, who claims that the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state, may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to * * * grant a new trial or * * * make other disposition as may be appropriate.

Minn.Stat. § 590.01, subd. 1.

■■■ Our role on review of postconviction proceedings is only to determine whether sufficient evidence exists to support the postconviction court's findings. *See Sutherlin v. State*, 574 N.W.2d 428, 432 (Minn.1998). A postconviction court's decision will not be disturbed absent an abuse of discretion. *Id.; Scruggs v. State*, 484 N.W.2d 21, 25 (Minn. 1992).

■■■ A postconviction court will not consider matters that were either raised by, or known to, the petitioner at the time of direct appeal. *See Sutherlin*, 574 N.W.2d at 432 (citing Minn.Stat. § 590.04, subd. 3 (1996); *State v. Knaffla*, 309 Minn. 246, 252, 243

---

1. Restitution to the victim's estate was ordered pursuant to Minn.Stat. §§ 609.10(5) (1992), 611A.04, subd. 1(a) (1992).

2. Restitution to the victim's reparation board was ordered pursuant to Minn.Stat. § 611A.04, subd. 1a (1992).

3. The imposition of prosecution costs was ordered pursuant to Minn.Stat. § 631.48 (1992).

4. A recitation of the facts underlying Steinbuch's convictions can be found in that opinion and will not be repeated here.

5. Because Steinbuch had already appealed his conviction, *see Steinbuch*, 514 N.W.2d 793, direct appeal was no longer available.

N.W.2d 737, 741 (1976)). An exception to this rule will be made only if a petitioner's claim is "so novel that its legal basis was not reasonably available at the time of the direct appeal" or in limited situations when fairness dictates that the petitioner be given a hearing. *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997).

 With the exception of Steinbuch's assertion that he should no longer be required to pay restitution because of a prison injury, Steinbuch had available to him at the time of his direct appeal all of the matters raised in his petition for postconviction relief. Before sentencing, Steinbuch's attorney received a copy of the presentence investigation, along with affidavits of restitution and prosecution costs prepared by the estate of Steinbuch's wife and the Stearns County Attorney's office, respectively. The sentencing transcript makes clear that Steinbuch was fully aware that these costs would be incurred and how they had been calculated. At the sentencing hearing, Steinbuch's attorney objected to both the restitution and prosecution cost assessments.

Steinbuch was not only aware of these matters at the time of his sentencing appeal, but he raised the restitution issue on direct appeal in his pro se supplemental brief. This court considered the issues raised in Steinbuch's pro se brief and found them to be without merit. *See Steinbuch,* 514 N.W.2d at 801. Because these issues were available to Steinbuch at sentencing and on direct appeal, we conclude that the postconviction court did not abuse its discretion when it denied Steinbuch's petition.

 The only issue raised by Steinbuch that is not procedurally barred is his claim that he has sustained a permanent injury while in prison that renders him unable to pay restitution. Although Steinbuch did not clearly articulate this argument as an issue in his brief to the postconviction court, the postconviction court considered and rejected this argument, noting that Steinbuch had included no evidence supporting his injury claim. We agree with the postconviction court. Steinbuch has offered no evidence to support his contention that he is medically unable to work and therefore make restitution. More-

over, the state has demonstrated that restitution payments continue to be taken from Steinbuch's prison wages. Therefore, we affirm the postconviction court.

Affirmed.