Gary L. ROBY, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C0–94–1479.

Supreme Court of Minnesota.

May 5, 1995.

Gary L. Roby, St. Cloud, for appellant.

Hubert H. Humphrey, III, Atty. Gen., William F. Klumpp, Jr., Asst. Atty. Gen., and Tom Foley, Ramsey County Atty., Darrell C. Hill, Asst. County Atty., St. Paul, for respondent.

OPINION

ANDERSON, Justice.

This appeal is from an order of the Ramsey County District Court summarily denying, without holding an evidentiary hearing, petitioner Gary L. Roby's petition for post-conviction relief. Roby was convicted of two counts of first-degree murder. This court affirmed Roby's conviction on direct appeal. In the present petition, Roby alleged seven claimed trial errors including ineffective assistance of trial counsel. The district court summarily denied Roby's petition. We affirm.

On August 31, 1989, a Ramsey County jury convicted Roby of premeditated first-degree

murder and felony murder during an aggravated robbery. He was sentenced to serve a term of life imprisonment. Roby directly appealed his conviction with the aid of the state public defender, and he filed a supplemental *pro se* brief in support of his appeal. On November 30, 1990, this court affirmed Roby's conviction. *See State v. Roby,* 463 N.W.2d 506 (Minn.1990). A summary of the facts underlying Roby's conviction can be found in that opinion.

On March 8, 1994, Roby filed a *pro se* petition for postconviction relief. He requested appointment of counsel for the postconviction proceeding. The state public defender, within his discretion, declined to represent Roby. *See* Minn.Stat. § 590.05 (1992). In his petition for postconviction relief, Roby alleged the following seven trial errors: he was denied effective assistance of trial counsel; the trial court should have *sua sponte* given a jury instruction on accomplice corroboration; the trial court should have *sua sponte* offered a limiting instruction on the offering of state exhibit 50B, a hair clipping found with the victim's body; the trial court should have submitted an instruction for second-degree manslaughter; the trial court erred by admitting evidence of the substantive crime of conspiracy when that crime was not charged in the indictment; the trial court should have instructed the jury that Minn. Stat. § 609.05 (liability for the crimes of another) "implied a high level of activity on [a] person charged under [the statute]"; and the jury's verdict was contrary to the weight of the evidence.

On May 31, 1994, the district court, without holding an evidentiary hearing, summarily denied Roby's petition. The court first held that Roby was not entitled to relief on his ineffective assistance of trial counsel claim because that claim was raised and was decided on direct appeal. The court also held that Roby's other claims were claims known but not raised at the time of direct appeal and that Roby was not entitled to relief because the claims lacked any novel legal basis that was unavailable to Roby at the time of his direct appeal. The court therefore concluded that "[t]he Petition, files and records of the proceeding conclusively show that [Roby] is not entitled to post conviction relief so that summary denial is appropriate and a further evidentiary hearing is not required." Roby argues that the district court abused its discretion in concluding that an evidentiary hearing was not warranted and in summarily denying his petition.

## I.

■ This court reviews a postconviction proceeding to determine only whether sufficient evidence exists to support the postconviction court's findings. *Scruggs v. State,* 484 N.W.2d 21, 25 (Minn.1992) (citing *Gustafson v. State,* 477 N.W.2d 709, 712 (Minn. 1991)). We will not disturb the postconviction court's decision unless the court abused its discretion. *Id.*

The availability of postconviction relief is controlled in part by Minn.Stat. §§ 590.01–.06 (1994). With respect to the availability of an evidentiary hearing, the statute provides:

> Unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues, make findings of fact and conclusions of law with respect thereto, and either deny the petition or enter an order granting the appropriate relief.

Minn.Stat. § 590.04, subd. 1. We have held that such an evidentiary hearing "is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief." *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990) (citing *State ex rel. Roy v. Tahash,* 277 Minn. 238, 245, 152 N.W.2d 301, 306 (1967)). A petitioner must prove these facts by a fair preponderance of the evidence. Minn.Stat. § 590.04, subd. 3; *see also State v. Rainer,* 502 N.W.2d 784, 787 (Minn.1993).

■ With respect to summary denial of a postconviction petition, the postconviction statute provides: "The court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when the issues raised in it have previously been decided by the court of appeals or the supreme

court in the same case." Minn.Stat. § 590.04, subd. 3. Pursuant to this language, we have consistently held that a claim raised on direct appeal will not be considered upon a subsequent petition for postconviction relief. *Case v. State*, 364 N.W.2d 797, 799 (Minn.1985) (citing *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)).

In the present case, Roby asserted on direct appeal, in his supplemental *pro se* brief, a claim of ineffective assistance of trial counsel. This court held on direct appeal that Roby's claim of ineffective assistance of trial counsel was without merit. *State v. Roby*, 463 N.W.2d at 510. Roby may not relitigate that claim in a subsequent petition for postconviction relief.[1] *Case*, 364 N.W.2d at 799. We affirm the district court's denial of the petition with respect to the claim of ineffective assistance of trial counsel.

## II.

 Roby also presents six other claims in his petition for postconviction relief, none of which were raised on direct appeal. This court has consistently held that a claim that was known but not raised at the time of direct appeal will not be considered upon a subsequent petition for postconviction relief unless the "claim is so novel that it can be said that its legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided * * *." *Case*, 364 N.W.2d at 800. In limited situations, if fairness so requires and if the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal, we will allow substantive review of a claim contained in a petition for postconviction relief, either when the claim was known at the time of direct

appeal or when its legal basis may have been reasonably available. *Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991) (citation omitted).[2]

In the present case, all six of Roby's other claims are clearly claims that were known but not raised at the time of direct appeal. Roby has not alleged that any of these claims were so novel that their legal basis was not reasonably available to his counsel at the time of direct appeal. Moreover, Roby has presented no facts to indicate that fairness requires that any of his six claims known but not raised at the time of direct appeal should be considered in a subsequent postconviction proceeding. We affirm the district court's summary denial of the petition with respect to Roby's six other claims.

Affirmed.

---

1. Generally, a direct appeal from a judgment of conviction is not the most appropriate way to raise a claim of ineffective assistance of trial counsel because the reviewing court does not "have the benefit of all the facts concerning why defense counsel did or did not do certain things." *State v. Zernechel*, 304 N.W.2d 365, 367 (Minn. 1981). The most appropriate procedure for raising such a claim is to seek a postconviction hearing *before* appeal. *Fratzke v. State*, 450 N.W.2d at 102 n. 3 (citation omitted). Nevertheless, at the request of an appellant, we will on direct appeal, without the benefit of a postconviction hearing transcript, address the issue of

ineffective assistance of trial counsel. *See Zernechel*, 304 N.W.2d at 366–67.

2. In *Fox*, appellant was convicted of first-degree murder, and this court affirmed on direct appeal. 474 N.W.2d at 822. Eight years after his conviction, Fox filed a *pro se* petition for postconviction relief. Fox claimed that he had been unable to participate in his original defense because while awaiting trial he had been administered Thorazine, a powerful antipsychotic medication. Given those unique facts, this court concluded that fairness allowed substantive review of Fox's claim. *Id.* at 825.