**Leslie Dawn Lida BERG,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C8–96–1167.

Court of Appeals of Minnesota.

Dec. 24, 1996.

John M. Stuart, State Public Defender, Leslie J. Rosenberg, Assistant State Public Defender, Minneapolis, for Appellant.

Hubert H. Humphrey, III, Attorney General, William F. Klumpp, Jr., Todd Zettler, Assistant Attorneys General, St. Paul, for Respondent.

Bradley C. Rhodes, Aitkin County Attorney, Aitkin, for Respondent.

Considered and decided by KALITOWSKI, P.J., and CRIPPEN and HARTEN, JJ.

## OPINION

HARTEN, Judge.

This appeal arises from an order of the Aitkin County District Court denying appellant Leslie Dawn Lida Berg's petition for postconviction relief. In 1991, Berg was convicted of third-degree murder based on her confession relating to the death of her newborn daughter. She was sentenced to a term of 156 months. On direct appeal, this court affirmed Berg's sentence, which was within the guidelines' presumptive range. *State v. Berg*, No. C7–92–213, 1992 WL 166683 (Minn.App. July 21, 1992), *review denied* (Minn. Aug. 27, 1992). In September 1995, Berg filed a pro se petition for postconviction relief, arguing that she had ineffective assistance of trial counsel. Subsequently, a state public defender was appointed to represent Berg on her petition. Following an evidentiary hearing, the postconviction court denied relief to Berg, concluding that she was procedurally barred from raising her ineffective assistance of trial counsel claim. This appeal followed.

## FACTS

While undergoing treatment for chemical dependency, Berg revealed that she gave birth to a live baby girl, placed the baby in a garbage bag, and later disposed of the bag in a dumpster without telling anyone. After this disclosure, the police investigated, interviewing Berg's co-workers and roommate. The infant's body was never recovered, but Berg repeatedly confessed to the police. She was charged with third-degree murder. Represented by appointed counsel, Berg entered into a plea agreement on the record, to-wit, that the state would not request an upward sentencing departure and she was free to argue for a downward departure. Berg entered a guilty plea, which was followed by an inquiry by the district court and Berg's sworn testimony about the events surrounding the death of her daughter. The district court accepted Berg's guilty plea, convicted her of third-degree murder, and sentenced her to 156 months.

On direct appeal, Berg's appellate counsel argued that the sentencing court abused its discretion by refusing to impose a downward departure from the presumptive sentence because of mitigating factors.[1] We concluded that the claimed mitigating factors—Berg's mental impairment and amenability to treatment—were either unsubstantiated or did not compel a downward departure. We affirmed, holding that the sentencing court did not abuse its discretion; the supreme court denied further review.

In her pro se petition for postconviction relief, Berg argued primarily that (1) her plea agreement had been broken, (2) she had received ineffective assistance of trial counsel, and (3) her guilty plea was involuntary because she relied on trial counsel's misrepresentation of the plea agreement. After obtaining appointed postconviction counsel, Berg asserted that the plea agreement provided that she would receive only a one-year sentence and that her trial counsel was ineffective because he allowed her to plead guilty when the state lacked corroborative evidence. On January 24, 1996, the postconviction court held an evidentiary hearing during which it heard testimony from Berg, her trial counsel, and her appellate counsel for the direct appeal.

On April 10, 1996, the postconviction court denied Berg's petition, concluding that she was procedurally barred from raising her claims. The postconviction court reasoned that the ineffective assistance of trial counsel claim was known to her, but not raised in her

1. In her direct appeal, Berg was represented by     an attorney other than her trial counsel.

direct appeal. Relying on *Case v. State,* 364 N.W.2d 797 (Minn.1985), the postconviction court concluded that Berg had waived her ineffective assistance claim. This appeal followed.

## ISSUE

Did the postconviction court err when it declined to consider the merits of Berg's ineffective assistance of trial counsel claim, ruling that it was waived because it was known but not raised on direct appeal?

## ANALYSIS

■ This court is not bound by and need not give deference to a district court's legal conclusions. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Here, the postconviction court ruled that the issue of ineffective assistance of trial counsel should have been raised on direct appeal and that her failure to raise it barred her from raising it in subsequent postconviction proceedings. We disagree.

■ Minnesota caselaw indicates that where a direct appeal has been taken following conviction, all matters raised therein, and all claims known but not raised, will not be considered in a subsequent postconviction petition. *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990);[2] *Case v. State,* 364 N.W.2d 797, 800 (Minn.1985). Applying the rule in *Case,* the postconviction court concluded that because petitioner's ineffective assistance of trial counsel claim was known at the time of direct appeal, it could not be considered. In its accompanying memorandum, the postconviction court explained that neither in *Case* nor *Hanley v. State,* 534 N.W.2d 277, 279 n. 3 (Minn.1995), did the supreme court "state that it was improper for appellate courts to consider an ineffective assistance of counsel claim on direct appeal."

But the supreme court has held that a claim of ineffective assistance of trial counsel is more appropriately raised in postconviction proceedings than on direct appeal. *Scruggs v. State,* 484 N.W.2d 21, 25 (Minn.1992) (stating that a direct appeal is not the most appropriate way to raise an ineffective assistance claim); *State v. Cermak,* 350 N.W.2d 328, 332 n. 5 (Minn.1984) (same); *Harris v. State,* 470 N.W.2d 167, 169 (Minn.App.1991) (reiterating that an ineffective assistance of counsel claim is properly raised in postconviction proceedings and not on direct appeal); *Garasha v. State,* 393 N.W.2d 20, 22 (Minn. App.1986) (noting that ineffective assistance of counsel is properly raised in postconviction proceedings). Thus, we cannot say absolutely that Berg should have raised her ineffective assistance claim on direct appeal, and that her failure to do so barred consideration of her claim in postconviction proceedings.

We are guided by the decision in *Scruggs,* in which the supreme court considered a postconviction petitioner's ineffective assistance of trial counsel claim despite its not having been raised on direct appeal. In *Scruggs,* as here, the state argued that a petitioner's failure to raise on direct appeal the issue of ineffective assistance of counsel prohibited consideration of that claim in later postconviction proceedings. *Scruggs,* 484 N.W.2d at 25. The supreme court, however, held that an ineffective assistance of counsel claim could be considered in subsequent postconviction proceedings, despite the petitioner's failure to raise the issue in a prior direct appeal. *Id.* Moreover, the supreme court has held:

> In limited situations, if fairness so requires and if the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal, we will allow substantive review of a claim contained in a petition for postconviction relief, either when the claim was known at the time of direct appeal or

2. Although *Fratzke* involved an ineffective assistance claim and the supreme court stated that the petitioner was procedurally barred from pursuing postconviction relief based on his trial counsel's alleged ineffectiveness, the case did not necessarily establish a waiver rule. Before stating that the petitioner was procedurally barred

from raising his claim, the supreme court did in fact consider his claim on the merits. *See Fratzke,* 450 N.W.2d at 102 (finding that the petitioner "did not allege facts necessary to show that his trial counsel was negligent or that there was a reasonable probability that the outcome of his trial would have been different").

when its legal basis may have been reasonably available.

*Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995) (citing *Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991) (citation omitted)). We believe that substantive review of Berg's claim is warranted in the instant case. Here, fairness so requires because a determination of whether Berg deliberately and inexcusably failed to raise the claim is intertwined with her understanding of trial counsel's advice and her corresponding legal position. In the circumstances of this case, we conclude the postconviction court erred in refusing to consider the merits of Berg's claim for ineffective assistance of trial counsel.

We also note that the postconviction court found it necessary to hold an evidentiary hearing to consider Berg's claim. The postconviction statute provides:

> Unless the petition and the files and records of the proceeding *conclusively* show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition and response thereto, and *promptly determine the issues*, make findings of fact and conclusions of law with respect thereto, and either deny the petition or enter an order granting appropriate relief.

Minn.Stat. § 590.04, subd. 1 (1996) (emphasis added); *see also Fratzke*, 450 N.W.2d at 102–103 (holding that an evidentiary hearing is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief). Having determined that the substance of Berg's petition justified an evidentiary hearing to receive testimony on the ineffective assistance claim, we believe that Berg is entitled to a decision on the merits of that claim. *See Scruggs*, 484 N.W.2d at 25 (emphasizing that if a postconviction court deems a hearing necessary, "it should follow that hearing with findings of fact and conclusions of law on each of the points raised on appeal").

■ Accordingly, we remand to the postconviction court with instructions to consider and make specific findings on Berg's claim of ineffective assistance of trial counsel. By remanding, we imply no position on the merits of the claim. The postconviction court should determine whether Berg has proved that (1) her trial counsel's representation fell below an objective standard of reasonableness and (2) she was prejudiced, to-wit, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 695, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984) (establishing the test for proving ineffective assistance of counsel); *Gates v. State*, 398 N.W.2d 558, 561–62 (Minn.1987) (applying the *Strickland* test). In order to prove prejudice in the context of this case, Berg must show "that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (interpreting the second prong of the *Strickland* test in the context of guilty pleas). On remand, the postconviction court has the discretion to determine whether to receive additional evidence or argument.

■ Finally, we consider the state's motion to strike a portion of Berg's reply brief that raised the issue of ineffective assistance of appellate counsel on the direct appeal. *See* Minn.R.Civ.App.P. 128.02, subd. 3 ("The reply brief must be confined to new matter raised in the brief of the respondent."); *State by Humphrey v. Ri–Mel, Inc.*, 417 N.W.2d 102, 110 (Minn.App.1987), *review denied* (Minn. Feb. 17, 1988) (explaining that a new issue raised in a reply brief "is not properly before this court and will not be considered"). Berg's argument claiming ineffective assistance of appellate counsel was not raised in her main brief, exceeded the scope of respondent's brief, and therefore is not properly before us. Accordingly, we grant the state's motion to strike.

## DECISION

The postconviction court erred by failing to consider the merits of Berg's claim of ineffective assistance of trial counsel. We remand to the postconviction court to consider and make findings on the substance of Berg's claim. We grant the state's motion to strike that portion of Berg's reply brief dealing

with her claim of alleged ineffective assistance of appellate counsel.

**Reversed and Remanded.**