James (NMN) RUSSELL,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

Nos. C6–96–1183, CX–96–1588.

Supreme Court of Minnesota.

May 1, 1997.

James Russell, Bessemer, AL, for Appellant.

Hubert H. Humphrey, III, Minnesota General Attorney, St. Paul, Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, for Respondent.

OPINION

ANDERSON, Justice.

This appeal is from an order of the Hennepin County District Court denying, without holding an evidentiary hearing, petitioner James (NMN) Russell's petition for postconviction relief. Russell was convicted of first-degree felony murder and second-degree intentional murder. This court affirmed Russell's conviction on direct appeal. In his postconviction petition, Russell alleges four claimed trial errors: insufficient evidence to convict, failure to produce evidence at trial, violation of privilege against self-incrimination, and ineffective assistance of counsel. The postconviction court denied Russell's petition without holding an evidentiary hearing. On appeal, Russell advances the same arguments he made to the postconviction court and further asserts that the court improperly denied his petition without holding an evidentiary hearing. We affirm.

On February 28, 1992, a Hennepin County jury found Russell guilty of first-degree felony murder in connection with the aggravated robbery and death of 17–year–old Cornell Booker and second-degree intentional murder as an accomplice to Booker's robbery and murder. The record demonstrates that Booker was lured to the duplex where Russell lived with his girlfriend Patricia Mitchell, Robert Prime, and Prime's girlfriend Tammii Stallworth. Once Booker was inside the duplex, Russell, Prime, and Stallworth overpowered him, "hog-tied" his feet and hands, and placed two gags deep inside his mouth. Stallworth then took Booker's cash, which amounted to a little over $100. Russell then helped Prime carry Booker to the basement of the duplex where the two men laid Booker on his stomach, wrapped a purse strap around his neck, and pulled on each end of the purse strap. The record further shows that at some point Russell released the strap and told Prime that he "couldn't do this." Booker was still alive when Russell left him in the basement of the duplex.

Later that same day, Prime and Stallworth returned to the basement and placed a two-by-four piece of wood on the back of Booker's neck. Prime then stomped on the two-by-

four and also beat Booker with it. Prime and Stallworth then went upstairs and told Russell that Booker was dead. Booker died of asphyxia which could have been caused separately and independently from the acts of gagging, strangling, and placing him on his stomach while he was hog-tied. Russell helped divide and shared in the proceeds of the robbery of Booker.

Russell confessed to his participation in the murder and robbery in a formal statement to the police, which statement was admitted at his trial. A jury found Russell guilty of first-degree felony murder and second-degree intentional murder in connection with the aggravated robbery and death of Booker. The jury found Russell not guilty of first-degree premeditated murder. Russell was sentenced to serve a term of life imprisonment for first-degree felony murder.

On April 23, 1992, Russell directly appealed his conviction. On direct appeal, Russell claimed that the evidence against him was insufficient to support his conviction and that the statement he gave to the police should have been suppressed. This court affirmed Russell's conviction. *See State v. Russell,* 503 N.W.2d 110 (Minn.1993). A more complete summary of the facts underlying Russell's conviction can be found in that opinion. Throughout his trial and direct appeal, Russell was represented by counsel.

On March 22, 1996, Russell filed a pro se petition for postconviction relief. The State Public Defender, within his discretion, declined to represent Russell. *See* Minn.Stat. § 590.05 (1996). In his petition for postconviction relief, Russell alleged the following four errors: (1) the evidence was insufficient to convict; (2) the state failed to produce evidence during his trial that was favorable to him; (3) his conviction was obtained in violation of his privilege against self-incrimination; and (4) he was denied effective assistance of trial counsel.

The postconviction court denied Russell's petition without holding an evidentiary hearing. The court held that Russell was procedurally barred from pursuing postconviction relief on the first two claims because they were addressed by this court on his direct appeal. The postconviction court did not ad-dress the claim that Russell's conviction was obtained in violation of his privilege against self-incrimination. The court also held that Russell was procedurally barred from pursuing relief on the denial of the effective assistance of counsel claim because this claim was known to him at the time of his direct appeal but was not raised. Finally, the court concluded that even if Russell's ineffective assistance of counsel claim was entitled to substantive review, the claim was meritless.

This appeal followed. In his pro se brief to this court, Russell advances the same arguments he made to the postconviction court, and also claims that the court improperly denied his petition without holding an evidentiary hearing.

■ This court reviews a postconviction proceeding to determine only whether sufficient evidence exists to support the postconviction court's findings. *Scruggs v. State,* 484 N.W.2d 21, 25 (Minn.1992) (citing *Gustafson v. State,* 477 N.W.2d 709, 712 (Minn. 1991)). We will not disturb the postconviction court's decision unless the court abused its discretion. *Id.*

■ Under the *Knaffla* rule, once a petitioner has directly appealed a conviction, any matter raised in the direct appeal, and any claim known to the petitioner at that time but not raised, will not be considered by a postconviction court in a subsequent petition for postconviction relief. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); *see also* Minn.Stat. § 590.04, subd. 3 (1996). An exception to the *Knaffla* rule provides that a claim that was known but not raised may be considered if the claim is so novel that its legal basis was not reasonably available at the time of the direct appeal. *Roby v. State,* 531 N.W.2d 482, 484 (Minn. 1995) (citing *Case v. State,* 364 N.W.2d 797, 799–800 (Minn.1985)). Even if the legal basis of the claim was reasonably available, this court may allow substantive review of the claim in limited situations when fairness so requires and when the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal. *Id.* (citations omitted).

In the present case, Russell first argues that the evidence was insufficient to convict him of first-degree felony murder and second-degree intentional murder. Specifically, Russell contends that the evidence was insufficient to show that he intended to kill Booker or that he caused Booker's death. This court held on direct appeal that there was ample evidence to show that Russell intended Booker's death; that Booker's death was committed in the furtherance of the aggravated robbery; and that the murder was a "reasonably foreseeable probable consequence" of the robbery and Russell did not withdraw from the commission of the homicide. *Russell*, 503 N.W.2d at 114–15. Russell may not relitigate this claim in a subsequent petition for postconviction relief. Because Russell's claim that there was insufficient evidence to convict him was raised on direct appeal, we conclude the postconviction court properly held that this argument is procedurally barred under the *Knaffla* rule.

Russell next claims that the state failed to produce evidence at trial that would have been favorable to him. He asserts that the two-by-four piece of wood that police found at the crime scene should have been produced by the state and introduced into evidence because it would have corroborated his theory that Booker's death actually occurred when Prime and Stallworth later returned to the basement and Prime beat Booker with the two-by-four. Prior to trial, Russell raised this issue without success in a Motion to Dismiss for Failure to Provide Discovery and/or for Loss of Evidence. At trial, Russell had the opportunity to present evidence that a two-by-four piece of wood was found at the crime scene and that the fatal wound may have been inflicted with this two-by-four. In his direct appeal, Russell did not raise the claim that the state improperly failed to produce the two-by-four. Nonetheless, the claim should be deemed waived under the *Knaffla* rule because it was known and its legal basis was reasonably available to Russell at the time of his direct appeal. Accordingly, we affirm the postconviction court's denial of the petition with respect to the claim that the state failed to produce evidence favorable to Russell.

Russell's third claim of trial error is that his statement taken by the police violated his privilege against self-incrimination. Russell essentially alleges that his statement was obtained after he was interrogated without a *Miranda* warning; however, the record demonstrates that Russell was given a *Miranda* warning before the interrogation and again before his formal statement was taken. In any event, Russell's arguments with respect to his privilege against self-incrimination are again barred under the *Knaffla* rule because they were raised in his direct appeal. *See Russell*, 503 N.W.2d at 115. We affirm the district court's denial of the petition with respect to the claim that Russell's conviction violated his privilege against self-incrimination.

The fourth claimed trial error raised by Russell is that he was denied effective assistance of trial counsel. Russell appears to argue that his trial counsel did not properly protect his right to a fair trial because two of the other participants in the crime, Mitchell and Stallworth, testified on behalf of the state at his trial in exchange for the opportunity to plead guilty to an aggravated robbery charge. He also contends that "there were [sic] more than one plausible lines [sic] of defense, and counsel knew this as a fact."

This court has held that postconviction claims of ineffective assistance of trial counsel are "generally precluded if known at the time of direct appeal." *Black v. State*, 560 N.W.2d 83, 85 (Minn.1997). An exception exists when "the claim is such that the reviewing court needs additional facts to explain the attorney's decisions." *Id.* at 85 n. 1. In such a case, when a postconviction hearing transcript is necessary to gain additional facts concerning the attorney's decisions, the best procedure is to raise the ineffective assistance of counsel claim in a petition for postconviction relief *before* the direct appeal. *Id.*; *Roby*, 531 N.W.2d at 484 n. 1. Here, Russell does not point to any decision or action of his trial counsel which would require further explanation in a postconviction hearing. Accordingly, the postconviction court properly held that Russell's ineffective

assistance of trial counsel claim was precluded for failure to raise it on direct appeal.

Finally, Russell raises the claim that the postconviction court improperly denied his petition without holding an evidentiary hearing. Minnesota Statutes section 590.04, subd. 1 (1996) states that unless the petition, files, and records of the proceeding conclusively show that the petitioner is entitled to no relief, the postconviction court shall promptly set an early hearing on the petition. We have held that such an evidentiary hearing is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief. *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990) (citing *State ex rel. Roy v. Tahash,* 277 Minn. 238, 245, 152 N.W.2d 301, 306 (1967)). A petitioner must prove these facts by a fair preponderance of the evidence. Minn.Stat. § 590.04, subd. 3 (1996); *see also State v. Rainer,* 502 N.W.2d 784, 787 (Minn.1993). In this case, the petition, files, and record conclusively show that Russell is not entitled to his requested relief. We affirm the postconviction court's denial of the petition without holding an evidentiary hearing.

We further note that Russell has presented no facts to indicate that fairness requires that any of his claims which were known but not raised at the time of direct appeal should be considered in a subsequent postconviction proceeding. *See Roby,* 531 N.W.2d at 484.

Affirmed.