David James DOPPLER, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C4-02-1371.

Supreme Court of Minnesota.

May 15, 2003.

Daniel Guerrrero, Jonathan M. Peck, Meshbesher & Spence, Ltd., Minneapolis, MN, for Appellant.

Mike Hatch, Attorney General, State of Minnesota, St. Paul, MN, Donald F. Ryan, Crow Wing County Attorney, Brainerd, MN, for Respondent.

## OPINION

PAUL H. ANDERSON, Justice.

David James Doppler seeks review of an order from the Crow Wing County District Court denying his second petition for post-conviction relief. In June 1996, a jury

found Doppler guilty of first-degree premeditated murder. Doppler filed a direct appeal with this court, but asked that his case be remanded for an evidentiary hearing regarding ineffective assistance of trial counsel. We granted the motion and the district court denied relief, concluding that trial counsel was not ineffective. Doppler then filed both a postconviction and a direct appeal with this court.[1] We affirmed the conviction. In March 2001, Doppler filed a second petition for postconviction relief alleging, among other claims, ineffective assistance of appellate counsel. After a postconviction hearing was held, Doppler filed a motion to reopen the record. The postconviction court denied both the motion to reopen and the petition for postconviction relief, concluding that the ineffective assistance of appellate counsel claim was procedurally barred. Doppler appealed both rulings and we affirm.

The facts of appellant David James Doppler's conviction were fully described in *State v. Doppler;* therefore, we will review only the facts relevant to provide context for the issues presented here. 590 N.W.2d 627 (Minn.1999). In April 1995, Michael L. Sargent's body was found near an access road to Little Blackhoof Lake in Crow Wing County. *Id.* at 629. Four gunshot wounds were discovered on Sargent's body—one to the right leg, one to the chin, and two to the head. An extensive investigation led the police to Doppler. During an interview with agents from the Bureau of Criminal Apprehension (BCA), Doppler confessed to killing Sargent. In May 1995, Doppler was charged with second-degree murder. *Id.* at 632. Four months later, a grand jury indicted him for first-degree premeditated murder and conspiracy to

commit first-degree premeditated murder. The conspiracy charge was subsequently dropped and a jury trial for first-degree premeditated murder began in May 1996. At trial, Doppler admitted that he shot Sargent, but claimed he was acting in self defense. *Id.* at 631. The jury found Doppler guilty of first-degree premeditated murder. *Id.* at 632.

■ Doppler appealed directly to this court. Through an attorney, he filed a motion asking that we remand his case for a postconviction evidentiary hearing on his claim of ineffective assistance of counsel. We granted the motion. During the evidentiary hearing, Doppler argued that his trial counsel failed to attack the grand jury indictment, present an intoxication defense, and raise *Schwartz* issues.[2] The postconviction court found that these decisions did not render Doppler's trial counsel ineffective and denied Doppler's request for relief.

Doppler then appealed to this court and was represented by the same attorney who represented him in the first postconviction hearing. Doppler requested a new trial, arguing that his trial counsel was ineffective because he failed to: (1) object to the grand jury indictment; (2) present evidence of Doppler's intoxication; and (3) request a jury instruction on intoxication. *Id.* Doppler also appealed his first-degree murder conviction, claiming there was insufficient evidence to support the conviction. We concluded that Doppler's ineffective assistance of trial counsel claims failed and that the state presented evidence sufficient to support the jury's verdict. *Id.* at 635, 636.

---

1. References in the opinion to Doppler's "direct appeal" refer to this combined appeal.

2. *See Schwartz v. Minneapolis Suburban Bus Co.,* 258 Minn. 325, 104 N.W.2d 301 (1960).

*Schwartz* issues involve jury misconduct, and the purpose of a *Schwartz* hearing is to investigate jury misconduct. *State v. Martin,* 614 N.W.2d 214, 225–226 (Minn.2000).

In March 2001, Doppler filed a second petition for postconviction relief requesting that his conviction be vacated. He initially appeared pro se. Doppler alleged the following grounds for postconviction relief: (1) ineffective assistance of trial counsel based on a conflict of interest and failure to uncover evidence about the murder victim's prior criminal record; (2) the state's failure to disclose evidence favorable to the defense; (3) ineffective assistance of appellate counsel based on appellate counsel's failure to raise on direct appeal the conflict of interest claim, the failure to uncover evidence claim, and the state's withholding of evidence claim; and (4) newly discovered evidence. The postconviction court granted a hearing. By the time of the hearing, Doppler was represented by counsel and the basis for the petition for postconviction relief was changed. Doppler now argued ineffective assistance of appellate counsel predicated on appellate counsel's failure to raise on appeal trial counsel's decision to not call three witnesses. Specifically, Doppler argued that trial counsel failed to call Dr. John Plunkett, an expert witness who could have supported Doppler's self-defense claim, and Rhonda and Scott Hanestad, who would have testified to Sargent's propensity for violence. Doppler, his mother, and his brother testified at the hearing.

Doppler testified that before the trial he was told by his counsel that Dr. Plunkett reviewed photos of Sargent and the autopsy report and was of the opinion that the evidence supported Doppler's self-defense claim. Doppler was under the impression that his counsel would call Plunkett as a defense witness. However, his counsel did not call Plunkett to testify. During trial when the state's expert witness was on the stand, Doppler asked his counsel whether he was going to call Plunkett. Counsel indicated that there was no reason to call Plunkett as long as the state's expert wit-

ness testified that Sargent's wounds could have been inflicted in a manner different than the one he described on direct examination. More particularly, Doppler stated that his counsel replied "as long as [the state's expert witness] agreed that [the murder] could have happened in another way * * * that was fine."

Doppler also testified that before the first postconviction hearing and before the direct appeal, he spoke often with his appellate counsel about his trial counsel's failure to call Plunkett. Doppler testified that he reviewed both the postconviction memorandum and the brief to this court and that his trial counsel's failure to call Plunkett was not raised in either. He asserts that those briefs were submitted to the court before he had an opportunity to give feedback to his appellate counsel. Finally, Doppler testified that he told his trial counsel that Rhonda and Scott Hanestad would testify in support of his self-defense claim.

On cross-examination, Doppler admitted that he testified at the first postconviction hearing, but he did not testify about his trial counsel's failure to call Plunkett and the Hanestads to testify. He agreed that while he was on the stand and under oath, he had the right and the opportunity to discuss his counsel's failure to call these witnesses. He also admitted that he reviewed the postconviction memorandum submitted by his appellate counsel before the postconviction court made its ruling and that his counsel did a good job on the issues that he did raise.

Approximately one month after the first postconviction hearing, but before the court made its decision, Doppler filed a motion to reopen the record to allow Plunkett to testify. In an order filed June 17, 2002, the court denied both the motion to reopen and the petition for postconvic-

tion relief, concluding that the ineffective assistance of appellate counsel claim was procedurally barred.[3]

In support of its decision, the postconviction court noted that Doppler, on his direct appeal, argued ineffective assistance of trial counsel, but did not raise his counsel's failure to call the three witnesses as a basis for that claim. Thus, the court reasoned "[t]he current appeal is just another aspect of the same issue previously litigated: ineffective assistance of counsel." Moreover, the court found that when Doppler raised his ineffective assistance of trial counsel claim on direct appeal, he knew of his current claim regarding counsel's failure to call the three witnesses.

The postconviction court noted that Doppler admitted to reading his appellate counsel's briefs in support of the first postconviction proceeding and the briefs submitted on his direct appeal. Thus, at the time of appeal, Doppler was aware that appellate counsel was not using the failure to call the three witnesses as a basis for the ineffective assistance of trial counsel claim. Accordingly, the court concluded "[Doppler's] knowledge of the current claim and failure to raise it at the proper time bars this court from considering it now." The court also concluded that Doppler was aware of his trial counsel's failure to call the Hanestads at the time of appeal and accordingly that claim was also procedurally barred.

On appeal, Doppler requests that we review whether: (1) his ineffective assistance of appellate counsel claim is procedurally barred; (2) the postconviction court abused its discretion by denying his motion to reopen the record; and (3) his

appellate counsel's performance was ineffective.

■■■■ Doppler first argues that the postconviction court abused its discretion when it concluded that his ineffective assistance of appellate counsel claim is procedurally barred. We review the postconviction court's findings to determine whether there is sufficient evidentiary support in the record and will not reverse the court's findings of fact unless they are clearly erroneous. *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001). We will not disturb the court's decision unless we conclude that the court abused its discretion. *Id.* Accordingly, we review Doppler's claim under an abuse of discretion standard.

■■ In *State v. Knaffla,* we established that once a petitioner has directly appealed a conviction, all matters raised in that appeal, and all matters that were known but not raised, "will not be considered upon a subsequent petition for postconviction relief." 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). We recognize two exceptions to the *Knaffla* rule. First, a postconviction court may hear and consider a claim that was previously known but not raised if the claim is so novel that its legal basis was not reasonably available at the time of the direct appeal. *Roby v. State,* 531 N.W.2d 482, 484 (Minn.1995) (citation omitted). Second, even if the claim contained in a petition for postconviction relief was known at the time of direct appeal or its legal basis was reasonably available, we still allow substantive review of the claim when fairness so requires and the petitioner did not "deliberately and inexcusably" fail to raise the

---

**3.** In its order, the postconviction court noted that in his pro se petition for postconviction relief, Doppler raised the issues of trial counsel's breach of confidentiality, trial counsel's failure to investigate, ineffective assistance of counsel, and a *Brady* claim. However, because these issues were not addressed at the hearing or in Doppler's brief, the court deemed these issues waived.

issue on direct appeal. *Id.* (citation omitted).

■ Doppler argues that his claim for ineffective assistance of appellate counsel is not procedurally barred under the *Knaffla* rule because the second exception to the rule applies. Before we can determine whether the exception applies, we must first determine whether the *Knaffla* rule applies to Doppler's claim. The relevant inquiry is whether Doppler knew of the claim at the time of his direct appeal. *Id.*

The second postconviction court found that at the time Doppler directly appealed his conviction and the findings of the postconviction court, he was aware of the basis for his current ineffective assistance of appellate counsel claim. The record supports the court's conclusion. Doppler admitted that on several occasions before the first postconviction hearing and before the direct appeal, he expressed to appellate counsel his desire to contest trial counsel's failure to call the witnesses. Thus, both Doppler and appellate counsel were aware of this issue not only before direct appeal, but also before the first postconviction hearing when the issue should have been raised and litigated. Finally, at the time of the direct appeal, Doppler was aware that appellate counsel did not use trial counsel's failure to call the witnesses as a basis for his first petition for postconviction relief. Accordingly, we conclude that the evidence in the record is sufficient to support the postconviction court's conclusion that Doppler knew of the basis of the ineffective assistance of appellate counsel claim at the time of his direct appeal.

■ Nevertheless, Doppler argues that fairness requires substantive review. In response, the state argues that by couching the failure to call the three witnesses in an ineffective assistance of appellate counsel claim, Doppler is merely taking a second shot at ineffective assistance of trial counsel. We agree. To prove an ineffective assistance of appellate counsel claim predicated on ineffective assistance of trial counsel, the petitioner must first prove that trial counsel was ineffective. *Sanders v. State,* 628 N.W.2d 597, 602 (Minn.2001). At his first postconviction proceeding, Doppler unsuccessfully argued ineffective assistance of trial counsel based on his counsel's failure to object to the grand jury proceedings and failure to raise an intoxication defense. At that time, Doppler was aware of his counsel's failure to call the three witnesses and that the actions of his counsel were being raised at the postconviction hearing. Nonetheless, he failed to raise this alleged failure as a basis for ineffective assistance of trial counsel. Thus, the current ineffective assistance of appellate counsel claim is merely Doppler recharacterizing an ineffective assistance of trial counsel issue that he should have raised at the first postconviction hearing. *See Sutherlin v. State,* 574 N.W.2d 428, 435 (Minn.1998) (stating defendant's ineffective assistance of appellate counsel claim was "recharacterizing an issue that he should have raised on direct appeal").

■ Moreover, as the state argues, to allow substantive review of this claim would be to promote serial appellate proceedings. A convicted defendant is entitled to one right of review by an appellate or postconviction court. *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. The purpose of the postconviction procedure Doppler followed when he brought his ineffective assistance of trial counsel claim is to accomplish that end without serial appellate proceedings. *Roby,* 531 N.W.2d at 484 n. 1 (stating that the appropriate procedure for raising ineffective assistance of counsel claims is to seek a postconviction

hearing before appeal so that the appellate court will have a complete record).

Doppler argues that ineffective assistance of appellate counsel claims cannot be raised on direct appeal because they do not arise until after the direct appeal has been completed. However, that is not the situation here. Doppler filed a direct appeal, then moved to stay that appeal and filed for postconviction relief based on ineffective assistance of trial counsel. He then filed an appeal with this court challenging the decision of the first postconviction court and directly appealing his conviction. We have already concluded that, at the time of both his first postconviction hearing and direct appeal, Doppler was aware that his trial counsel failed to call the witnesses. Thus, we conclude that fairness does not require substantive review of Doppler's ineffective assistance of appellate counsel claim and, therefore, we need not determine whether Doppler inexcusably or deliberately failed to raise the claim on direct appeal.

Doppler also argues that he is entitled to substantive review because the second postconviction court found it necessary to hold an evidentiary hearing. Doppler relies on a court of appeals case to support his argument. *Berg v. State*, 557 N.W.2d 593 (Minn.App.1996). In *Berg*, the defendant filed a petition for postconviction relief subsequent to her direct appeal raising various claims, including ineffective assistance of trial counsel. *Id.* at 595. After conducting a hearing, the postconviction court concluded that the defendant was procedurally barred from raising the ineffective assistance of counsel claim because it was known at the time of direct appeal. *Id.* at 594. The court of appeals reversed, holding that the defendant did not deliberately and inexcusably fail to raise the claim and that fairness required substantive review. *Id.* at 596. The court of appeals

also noted that the defendant was entitled to substantive review of her claim because the postconviction court conducted an evidentiary hearing and received testimony on the ineffective assistance of counsel claim. *Id.* at 596. Doppler argues that the same rationale is applicable here.

We conclude that the reasoning of *Berg* is not applicable here. Unlike the court in *Berg*, we do not conclude that fairness requires substantive review of Doppler's claim. In addition, in his pro se petition, Doppler raised several claims, but he did not raise the ineffective assistance of counsel claim based on trial counsel's failure to call the three witnesses. That claim was raised for the first time by Doppler's present counsel at the second postconviction hearing. The postconviction court set a hearing, unaware that the focus of the hearing would be changed to the ineffective assistance of counsel claim predicated on trial counsel's failure to call the witnesses. Therefore, the hearing was not originally set with the intent of receiving evidence on this aspect of Doppler's ineffective assistance of appellant counsel claim. Moreover, the postconviction court is required to grant a hearing for all postconviction petitions "[u]nless the petition and the files and the records * * * conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2002). The court relied on evidence admitted at the hearing to reach its conclusion that the ineffective assistance of appellate counsel claim is procedurally barred. Therefore, the petition itself could not have conclusively shown that Doppler was not entitled to relief because the present issue was not even raised in the petition.

For the above reasons, we hold that the postconviction court did not abuse its discretion in concluding that Doppler's ineffective assistance of counsel claim is

procedurally barred. Because Doppler's ineffective assistance of appellate counsel claim is procedurally barred, we do not reach the issue of whether the court abused its discretion in failing to reopen the record.

Affirmed.

GILBERT, J., took no part in the consideration or decision of this case.