*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1578**

Carlos Heard, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 20, 2015
Affirmed
Smith, Judge**

Hennepin County District Court
File No. 27-CR-10-34107

Carlos Heard, Rush City, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm the district court's denial of appellant's postconviction petition because appellant's ineffective-assistance-of-appellate-counsel claim lacks merit and his remaining claims are *Knaffla*-barred.

**FACTS**

In 2011, a jury found appellant Carlos Heard guilty of third-degree and second-degree murder for the 2005 shooting of Heard's brother and another man. The district court imposed consecutive sentences of 180 months' and 313 months' incarceration, respectively. Heard appealed, arguing that the district court abused its discretion by allowing the state to impeach him with a prior manslaughter conviction, and we affirmed. *State v. Heard*, A11-1628, 2012 WL 3263775 (Minn. App. Aug. 13, 2012), *review denied* (Minn. Oct. 24, 2012).

In March 2014, Heard filed a pro se petition for postconviction relief based on claims that arose both at trial and on appeal. Heard claimed that, at trial, he was denied the opportunity to confront the author of an autopsy report admitted as evidence, there was insufficient evidence to support his conviction, the jury was not instructed on accomplice testimony, and the prosecutor committed misconduct. Heard also claimed that he received ineffective assistance from his appellate counsel because counsel failed to challenge the sufficiency of evidence supporting his conviction or to advise Heard that he could file a pro se supplemental brief. The district court denied Heard's petition, finding that the claims were *Knaffla*-barred because Heard knew or should have known about the issues at the time of his direct appeal.

**D E C I S I O N**

Denial of a petition for postconviction relief is reviewed for an abuse of discretion. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013). We review the district court's factual

2

findings under a clearly erroneous standard and will not reverse unless they lack factual support in the record, and we review de novo the district court's conclusions of law. *Id.*

## I.

Heard argues that the postconviction court abused its discretion because the district court violated his Confrontation Clause right, there was insufficient evidence to support the conviction, the jury was not instructed about accomplice testimony, and the prosecutor committed misconduct during the trial. The state argues that these claims are *Knaffla*-barred.

A petition for postconviction relief following a direct appeal may not be based on claims that were available on appeal. Minn. Stat. § 590.01, subd. 1 (2014); *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Heard did not raise any of these claims in his direct appeal, and he does not dispute that the claims were available on appeal. All of Heard's substantive claims concern matters related to Heard's trial, at which he was present, and therefore he should have known about the claims before filing his direct appeal.

Exceptions to the *Knaffla* rule exist if the claims present novel legal issues or the interests of justice require consideration. *Hooper v. State*, 838 N.W.2d 775, 787 (Minn. 2013), *cert. denied*, 134 S. Ct. 2147 (2014). Heard does not argue that his claims present novel legal issues. *See Brown v. State*, 746 N.W.2d 640, 642 (Minn. 2008) ("Although there are two exceptions to *Knaffla*, we decline to apply those exceptions if they are not raised by the petitioner." (citation omitted)). While Heard's brief could be construed as arguing that the interests-of-justice exception applies, the argument fails. The interests-

of-justice exception is generally limited to unique situations where the petitioner did not "deliberately and inexcusably fail to raise the issue on direct appeal." *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995) (quotation omitted). Heard explains that he failed to raise the claims on appeal because his appellate counsel did not discuss the claims with him or inform him that he could file a pro se supplemental brief. Consequently, we must determine whether Heard's ineffective-assistance-of-appellate-counsel claim has merit to decide whether the interests-of-justice exception to the *Knaffla* bar applies.

## II.

Heard argues that the postconviction court abused its discretion in denying his petition based on an ineffective-assistance-of-appellate-counsel claim. Heard claims that his appellate counsel was ineffective by failing to raise the claims discussed above.

An ineffective-assistance-of-appellate-counsel claim is properly raised in a postconviction petition because an appellant cannot know about the claim at the time of a direct appeal. *Wright v. State*, 765 N.W.2d 85, 90-91 (Minn. 2009). To prevail on an ineffective-assistance-of-counsel claim, an appellant must show that "(1) his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that the outcome would have been different but for counsel's errors." *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). "[C]ounsel is under a duty to raise only meritorious claims" and "does not act unreasonably by not asserting claims that counsel could have legitimately concluded would not prevail." *Wright*, 765 N.W.2d at 91. The postconviction court erroneously concluded that the claim was *Knaffla*-barred;

since a claim regarding the conduct of appellate counsel could not be known at the time of appeal, the *Knaffla* bar does not apply. However, the postconviction court did not abuse its discretion in denying the petition because Heard does not identify a reasonable probability that he would have prevailed on any of his trial-related claims.

**A.**

Heard's Confrontation Clause claim would have failed on appeal. An appellate court would have reviewed de novo whether the admission of the autopsy report violated Heard's rights under the Confrontation Clause of the United States Constitution. *See State v. Caulfield*, 722 N.W.2d 304, 308 (Minn. 2006).

Although we have previously held that a district court errs by allowing the state to admit an autopsy report through the testimony of a doctor who did not perform the autopsy, we also held that it is not reversible error if there is "abundant evidence" establishing the information in the report. *State v. Johnson*, 756 N.W.2d 883, 892 (Minn. App. 2008), *review denied* (Minn. Dec. 23, 2008). Here, the report was used to establish that Heard's brother was shot at close range and died as a result of his injuries. There was no dispute at trial as to these facts, and there was other evidence, including eyewitness testimony, to establish them. Consequently, no reasonable jury could have reached another conclusion, and an appellate court would not have reversed on those grounds.

**B.**

Heard's claim that there was insufficient evidence for the jury to find that he was at the shooting's location would have failed. When considering a challenge to the

sufficiency of evidence, an appellate court limits its review to an "analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). An appellate court assumes that the jury believed the evidence supporting the verdict and disbelieved any evidence to the contrary. *State v. Asfeld*, 662 N.W.2d 534, 544 (Minn. 2003). It also defers to the jury's credibility determinations. *State v. Bliss*, 457 N.W.2d 385, 390 (Minn. 1990). An appellate court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant is guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Two witnesses testified that they were with Heard and saw him shoot the victims. Another witness, who was in the alley at the time of the shooting, gave a description of two men he saw walk past that night and testified that, shortly after, he heard gunshots and saw a figure raise and fire a gun. Finally, witnesses also testified that Heard later admitted that he had accidentally shot his brother and intentionally shot the other victim. A reasonable jury could have found Heard guilty based on the evidence presented, and an appellate court would not have reversed the conviction on these grounds.

**C.**

Heard's claim that the jury was not instructed that testimony from an accomplice must be corroborated also would have failed. An appellate court evaluates "the erroneous omission of a jury instruction under a harmless error analysis." *State v. Lee*, 683 N.W.2d

6

309, 316 (Minn. 2004). When faced with an erroneous refusal to give jury instructions, the reviewing court must "examine all relevant factors to determine whether, beyond a reasonable doubt, the error did not have a significant impact on the verdict." *State v. Shoop*, 441 N.W.2d 475, 481 (Minn. 1989).

Here, no error occurred. At the request of Heard's trial counsel, the jury was instructed as follows:

> Accomplice testimony. You cannot find the defendant guilty of a crime on the testimony of a person who could be charged with that crime, unless the testimony is corroborated by other evidence that tends to convict the defendant of the crime. Such a person who could be charged for the crime— for the same crime is called an accomplice. If you find that any person who has testified in this case is a person who could be charged with the same crime as the defendant, you cannot find that the defendant—you cannot find the defendant guilty of a crime on that testimony, unless that testimony is corroborated.
>
> The evidence that can corroborate the testimony of an accomplice must no more than merely show that a crime was committed or show the circumstances of the crime but the corroborating evidence need not convince you by itself that the defendant committed the crime. It is enough that it tends to show that the defendant committed a crime and that, taken with the testimony of an accomplice, you are convinced beyond a reasonable doubt that the defendant committed the crime.
>
> The testimony of one accomplice does not corroborate the testimony of another accomplice. Accomplice testimony must be corroborated by evidence other than accomplice testimony before you may find the defendant guilty. But such other evidence may corroborate the testimony of each accomplice.

The district court did not omit the requested instruction, and an appellate court would not have reversed on these grounds.

**D.**

Finally, Heard's claim of prosecutorial misconduct also would have failed.  In reviewing claims of unobjected-to prosecutorial misconduct, an appellate court would apply a modified plain-error test.  *See State v. Ramey*, 721 N.W.2d 294, 299-300 (Minn. 2006).  The test requires that the appellant establish that the misconduct was error and that the error was plain.  *Id.* at 302.  An error is plain "if [it] contravenes case law, a rule, or a standard of conduct."  *Id.* (quotation omitted).  Then, if an error is shown and it is plain, the state must show that there is no reasonable likelihood that the misconduct had a significant effect on the jury's verdict.  *Id.*  "Finally, if all three prongs . . . are satisfied, the [appellate] court determines whether to address the error to ensure fairness and integrity in judicial proceedings."  *State v. Cao*, 788 N.W.2d 710, 715 (Minn. 2010).

Heard argues that one prosecutor repeatedly inserted her personal opinion and misstated the evidence during her closing argument.  After a review of the trial transcript, we observe that the prosecutor merely gave the state's theory of the case, argued that the jury should find the state's witnesses more credible than Heard's testimony, and commented on the evidence presented at trial.  An appellate court would not find that any of her statements were personal opinions or misstated the evidence.  Moreover, the district court instructed the jurors that the attorneys' statements are not evidence and that the jurors are required to rely on their own memory of the evidence presented.  Therefore, an appellate court would not reverse on these grounds.

Because none of Heard's claims were likely to have resulted in a reversal had they been raised on appeal, the postconviction court did not abuse its discretion by denying Heard's petition.

**Affirmed.**