ANDERSON, Justice.
In this first-degree murder case, appellant Kemen Lavatos Taylor II appeals from a postconviction order that summarily denied his public-trial claim, concluding that Taylor's claim was barred by the rule announced in State v. Knaffla , 309 Minn. 246, 243 N.W.2d 737 (1976). On appeal, Taylor argues that the interests-of-justice exception to the Knaffla rule should be applied in his case, which would allow his petition for postconviction relief to be heard on its merits. Because Taylor forfeited appellate review of this argument when he failed to raise the argument before the district court, we affirm.
FACTS
Following a jury trial, Taylor was convicted of one count of first-degree murder and two counts of attempted first-degree murder in connection with the shooting of three teenage gang members.[1]
After several days of jury selection, the district court announced a list of rules for those attending the trial; those rules required spectators to provide photographic identification before entering the courtroom and outlined general behavior expectations regarding profanity, hand gestures, cell phones, and gum.[2] According to the court, the rules were a response to "past appearances," which had included "some disruptions [from] persons in the gallery."[3] The district court noted that "the deputies of the Hennepin County Sheriff's Office have been authorized to enforce these rules."
*37 Taylor filed a direct appeal with our court, which raised several issues, including a claim that the district court violated Taylor's right to a public trial by requiring spectators to present photographic identification before entering the courtroom. In our discussion of Taylor's public-trial claim, we explained the threshold issue of "whether a closure even occurred." State v. Taylor , 869 N.W.2d 1, 11 (Minn. 2015). More specifically, we said:
[T]here is no evidence in the record that a significant portion of the public was unable to attend due to the identification requirement; that Taylor, his family, his friends, or any witnesses were excluded; or that any individuals actually excluded were known to Taylor. Further, unlike in Lindsey , in which two unidentified minors were actually excluded, here there is simply no evidence that the requirement was enforced, or, if so, that even a single individual-identifiable or not-was actually excluded. Thus, we hold that the photographic identification requirement did not constitute a "true" closure.
Id. at 11-12 (distinguishing State v. Lindsey , 632 N.W.2d 652 (Minn. 2001) ). In other words, we concluded "that the photographic identification requirement did not constitute a 'true' closure" based on the lack of evidence that the photographic identification requirement excluded anyone, including Taylor's family and friends, from the courtroom. Id. at 12.
Less than 2 years after our disposition of his direct appeal, Taylor filed a petition for postconviction relief. This petition is at issue here. It asserted two claims: 1) that the photographic-identification rule denied him his right to a public trial provided by the U.S. and Minnesota Constitutions; and 2) that his appellate counsel was ineffective for not seeking a stay to expand the record regarding the courtroom closure.[4] In support of his petition, Taylor attached nine affidavits from individuals who say they were unable to attend his trial because of the photographic-identification rule. He requested an "evidentiary hearing to expand the record with respect to the courtroom closing at which hearing petitioner will present witnesses in support of his claim." Relying on the rule announced in Knaffla , the postconviction court summarily denied Taylor's petition for postconviction relief.
ANALYSIS
Taylor contends that the postconviction court abused its discretion by summarily denying his public-trial claim. According to Taylor, the district court should have applied the interests-of-justice exception to the Knaffla rule.
"We review the summary denial of a petition for postconviction relief for an *38 abuse of discretion." Zornes v. State , 903 N.W.2d 411, 416 (Minn. 2017) (quoting Carridine v. State , 867 N.W.2d 488, 492 (Minn. 2015) ). We will not reverse the postconviction court unless it "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." Reed v. State , 793 N.W.2d 725, 729 (Minn. 2010).
A postconviction court must hold an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2016) ; Carridine , 867 N.W.2d at 492. In determining whether an evidentiary hearing is required, a postconviction court must consider the facts alleged in the petition in the light most favorable to the petitioner. Bobo v. State , 820 N.W.2d 511, 516 (Minn. 2012) ("Any doubts about whether to conduct an evidentiary hearing should be resolved in favor of the defendant."). If the facts alleged in the petition, when viewed in a light most favorable to the petitioner, establish that the petition is procedurally barred by the rule announced in Knaffla , 243 N.W.2d at 741, an evidentiary hearing is not necessary. Taylor v. State , 874 N.W.2d 429, 431 (Minn. 2016). The Knaffla rule bars all claims that a defendant raised on direct appeal. See Pearson v. State , 891 N.W.2d 590, 597 (Minn. 2017) ; see also Minn. Stat. § 590.04, subd. 3 ("The court may summarily ... deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case.").
When viewed in a light most favorable to the petitioner, the facts alleged in the petition plainly establish that Taylor's public-trial claim was raised by Taylor and rejected by our court on direct appeal. See Taylor , 869 N.W.2d at 11-12. As a result, the postconviction court's conclusion that Knaffla bars Taylor's public-trial claim does not reflect an erroneous view of the law; nor is it against logic and the facts in the record.
According to Taylor, the Knaffla rule does not prohibit him from relitigating his underlying public-trial claim because the interests-of-justice exception applies in his case.[5] The State argues that Taylor forfeited appellate review of his argument that the interests-of-justice exception applies in his case when he failed to raise the argument before the district court.
We agree with the State. "It is well settled that a party may not raise issues for the first time on appeal." Schleicher v. State , 718 N.W.2d 440, 445 (Minn. 2006) (citation omitted) (internal quotation marks omitted). Taylor did not argue in the district court that the interests-of-justice exception should be applied in his case. Accordingly, he has forfeited appellate review of that argument. See Brocks v. State , 883 N.W.2d 602, 605 (Minn. 2016) ("But Brocks did not raise either exception *39 in the postconviction court. Brocks has, therefore, forfeited any contention that either exception applies.").
CONCLUSION
For the foregoing reasons, we affirm the decision of the postconviction court. Affirmed.

For an in-depth description of the facts underlying the crime, see State v. Taylor , 869 N.W.2d 1, 7-10 (Minn. 2015).

Regarding the photographic identification requirement, the district court said, "In future court hearings, persons who are spectators will be required to show a photographic ID before being allowed entry in the courtroom."

The district court neither identified a specific appearance nor described the nature of the disruptions. Because the rules were not announced on the first day of jury selection, we presume that the disruptions occurred sometime after voir dire began.

We evaluate claims of ineffective assistance of appellate counsel under the test that the Supreme Court of the United States established in Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a defendant to prove that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Zornes v. State , 880 N.W.2d 363, 371 (Minn. 2016) ("[T]o prove ineffective assistance of appellate counsel a petitioner must prove both prongs of the Strickland test."). In his brief to this court, Taylor neither cites Strickland , nor even suggests that the record in his case satisfies both prongs of the Strickland test. By not briefing the issue of whether appellate counsel was ineffective, Taylor has forfeited appellate review of that issue. See Scruggs v. State , 484 N.W.2d 21, 24 n.1 (Minn. 1992) (concluding that a postconviction appellant forfeited appellate review of three of four claims raised in the postconviction petition by not addressing those claims in his brief).

In his brief, Taylor misquotes Doppler v. State , 660 N.W.2d 797, 801-02 (Minn. 2003), for the proposition that "a previously known or raised issue may be raised in a postconviction petition 'when fairness so requires and the petitioner does not deliberately or inexcusably fail to raise the issue on direct appeal.' " But the sentence that Taylor relies on does not concern previously raised claims, as Taylor suggests. Instead, it reads: "[E]ven if the claim contained in a petition for postconviction relief was known at the time of direct appeal or its legal basis was reasonably available , we still allow substantive review of the claim when fairness so requires and the petitioner did not 'deliberately or inexcusably' fail to raise the issue on direct appeal." Id. (emphasis added). We need not and do not decide whether the interests-of-justice exception applies to previously raised claims because Taylor failed to argue before the district court that the exception applied in his case.