Omolulu Valen ADEMODI,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–99–294.

Supreme Court of Minnesota.

Sept. 7, 2000.

Sandra L. Babcock, #253388, Minneapolis, for appellant.

Michael A. Hatch, Minnesota Attorney General, St. Paul, Amy Klobuchar, Hennepin County Attorney, by Gayle C. Hendley, Assistant County Attorney, Paul R. Scoggin, Assistant County Attorney, Minneapolis, for respondent.

## OPINION

### RUSSELL A. ANDERSON, Justice.

Omolulu Valen Ademodi appeals from a reversal of the district court's grant of his petition for postconviction relief. Ademodi petitioned the district court to vacate his 1990 conviction for aiding and abetting a controlled substance crime in the first degree. Ademodi argued that, as a Nigerian national, he was entitled to consular notification under Article 36 of the Vienna Convention on Consular Relations[1] (Vienna Convention) and in the absence of such notification his conviction must be vacated and set aside. The district court granted his motion. The court of appeals reversed, holding that Ademodi failed to establish prejudice from the lack of notification. *See Ademodi v. State*, No. C1–99–294, 1999 WL 970338 (Minn.App. Oct. 26, 1999). We hold that Ademodi waived his claim under the Vienna Convention by failing to raise it on direct appeal.

Ademodi had lived in the United States for approximately nine years when he was arrested in 1989 for aiding and abetting the sale of cocaine. In 1990 Ademodi was convicted of one count of controlled substance crime in the first degree and was sentenced to 86 months incarceration. The court of appeals affirmed the conviction but remanded for resentencing, holding that the trial court should have exercised its discretion to consider Ademodi's request for a downward departure. *See State v. Ademodi*, No. C1–91–326, 1991 WL 222451 (Minn. App. Nov. 5, 1991). At resentencing, imposition of sentence was stayed for one year and Ademodi was ordered confined for 365 days in the local correctional facility with credit for time served. By operation of law, his conviction was reduced to a misdemeanor. *See* Minn. Stat. § 609.13, subd. 1(2) (1998).

Ademodi has remained law abiding since he was released from incarceration. He is married to an American citizen and they have three children, all of whom also are American citizens. He has earned multiple college degrees and, in 1998, he was hired as a corrections officer by the Minnesota Department of Corrections. However, he later was fired because of his conviction. More significantly, the Immigration and Naturalization Service has initiated deportation proceedings based on his conviction.

Ademodi petitioned the district court to vacate his conviction based on the violation of the Vienna Convention and ineffective assistance of counsel. The district court vacated the conviction, finding that Ademodi had been prejudiced by the state's failure to inform him of his right to contact the Nigerian consulate after his arrest. The court of appeals reversed, holding that, assuming the Vienna Convention does create individual rights, a showing of prejudice must be made in order for a court to impose a remedy. The court held that the record did not support a finding of prejudice. We hold that Ademodi waived his Vienna Convention claim and we therefore need not interpret the requirements of the treaty.[2]

---

1. Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 (hereinafter Vienna Convention).

2. State courts have jurisdiction to enforce rights arising under federal law. *See Owens v. Chicago Great Western Ry. Co.*, 113 Minn. 49, 53, 128 N.W. 1011, 1013 (1910) ("It is well settled that, when the parties are properly before it, a state court will enforce any right which one has by virtue of the federal Constitution or laws"); *Breard v. Greene*, 523

■ By its terms the Vienna Convention requires that when requested to do so a state must inform a consulate that a national of a foreign state has been arrested or is in custody.[3] Ademodi did not raise a claim of a Vienna Convention violation in his direct appeal. "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). However, where the legal basis of a claim was not reasonably available because it was novel at the time of the direct appeal, the claim may be considered. *See Case v. State*, 364 N.W.2d 797, 800 (Minn.1985). In addition, the court may consider a claim not raised on direct appeal "in limited situations when fairness so requires and when the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Russell v. State*, 562 N.W.2d 670, 672 (Minn.1997) (quotation omitted).

■ The state argues that Ademodi's claim under the Vienna Convention should be considered waived because it was known or knowable at the time of his direct appeal. Ademodi argues that a claim under the Vienna Convention was so novel at the time of his trial and appeal that he cannot reasonably be expected to have raised it.

The first criminal case to mention the Vienna Convention is a 1996 case, *Faulder v. Johnson*, 81 F.3d 515 (5th Cir.1996). However, the Vienna Convention had been in force for more than 20 years by the time Ademodi was tried in 1990. As the Fourth Circuit has noted, "[t]reaties are one of the first sources that would be consulted by a reasonably diligent counsel representing a foreign national." *Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir.1997). The *Murphy* court also noted the existence of several published cases involving deportations and prosecutions for illegal reentry to demonstrate that "a reasonably diligent search by * * * counsel * * * would have revealed the existence and applicability (if any) of the Vienna Convention." *Id.*

■ Our standard for considering an issue not raised on direct appeal is that the claim was so novel it lacked a reasonable basis *in the law*, not in practice. *See Case*, 364 N.W.2d at 800 (allowing postconviction relief if the claim's *legal* basis was not reasonably available). The Vienna Convention provided a basis for Ademodi's claim at the time of his direct appeal. We agree with the Fourth Circuit that diligent criminal defense attorneys who represent aliens can be expected to investigate

U.S. 371, 376, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998) ("[T]reaties are recognized by our Constitution as the supreme law of the land"). We are reluctant, however, to interpret the provisions of the Vienna Convention where the federal courts have not definitively interpreted its requirements. *See Breard*, 523 U.S. at 377, 118 S.Ct. 1352 (noting it was "extremely doubtful" that a Vienna Convention violation should result in reversal of a conviction without a showing of prejudice).

3. The Vienna Convention states:
1. With a view to facilitating the exercise of consular functions relating to nationals of the sending state:
* * * *
(b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph;
* * * *
2. The rights referred to in paragraph 1 of this Article shall be exercised in conformity with the laws and regulations of the receiving State, subject to the proviso, however, that the said laws and regulations must enable full effect to be given to the purposes for which the rights accorded under this Article are intended.
Vienna Convention, art. 36, 21 U.S.T. at 100–01, T.I.A.S. No. 6820.

whether international law has any influence on their clients' cases. We conclude, therefore, that Ademodi's claim was knowable because it had a reasonable basis in the law at the time of his appeal.

■ Finally, although Ademodi claimed in his reply brief that fundamental fairness requires substantive review of his arguments, he fails to articulate the particular facts of the case supporting this claim. *Cf. Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995). Ademodi apparently has led an exemplary life since his conviction; our focus, however, is on the fairness of the process that led to his conviction and the determination of issues raised on appeal. *Cf. Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991) (considering substantive claim where defendant was under effects of antipsychotic medication at time of trial and appeal); *see also Roby*, 531 N.W.2d at 484 n. 2 (noting *Fox* allowed substantive review because of "unique facts"). Having determined that Ademodi can be expected to have raised the Vienna Convention in his direct appeal, we are left with only a bald allegation of unfairness. In this circumstance, fundamental fairness does not require substantive review of Ademodi's Vienna Convention claim.

In his petition for postconviction relief Ademodi raised a separate claim of ineffective assistance of counsel. Because the district court did not rule on this claim, we remand for further proceedings.

Affirmed, remanded for further proceedings.

PAGE, Justice (dissenting).

I respectfully dissent. We have held that, "even where the legal basis was reasonably available, 'this court may allow substantive review of [a] claim in limited situations where fairness so requires and when the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal.'" *Gassler v. State*, 590 N.W.2d 769, 771 (Minn.1999) (quoting *Russell v. State*, 562 N.W.2d 670, 672 (Minn.

1997)). While the issue raised by Ademodi's postconviction petition arguably was reasonably available at the time of his direct appeal, it cannot seriously be argued that it was not novel. Because of that novelty and the fact that it is clear that Ademodi did not "deliberately and inexcusably" fail to raise the issue on direct appeal, I believe that fairness requires us to consider this case on its merits.

PAUL H. ANDERSON, Justice (concurring specially).

I concur with the result reached by the majority, but write separately to address the dissent. The dissent is correct when it states that we can address the merits of petitioner's motion for postconviction relief by looking past petitioner's waiver of his claim because he failed to raise the claim on direct appeal. We can do so when fairness so requires. The dissent concludes that fairness requires that we address the merits of petitioner's claim under the Vienna Convention on Consular Relations (Vienna Convention), but unfortunately then fails to address the merits of that claim. While in this case it may be tempting to look to the fundamental fairness exception to the *Knaffla* doctrine, fairness considerations become more difficult if we were to address petitioner's claim on its merits. For example, how would the dissent determine that failure to be advised of his rights under the Vienna Convention prejudiced petitioner? *See Breard v. Greene*, 523 U.S. 371, 377, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998). By addressing the merits, the dissent may be able to provide an answer to the dilemma presented by this case. But to suggest that we reach the merits and then not do so because we most likely would find another hurdle for petitioner only gives him a false sense of fairness.