**Eric William KOSKELA, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A04–568.

Supreme Court of Minnesota.

Dec. 23, 2004.

Eric William Koskela, MCF—Stillwater, Bayport, MN, pro se Appellant.

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

PAGE, Justice.

A Hennepin County jury convicted appellant Eric William Koskela of first-degree burglary and first-degree felony murder for the August 5, 1990, death of Nicole Johnson. Koskela was sentenced to life in prison for first-degree felony murder and to a concurrent sentence of 21 months for burglary. *State v. Koskela,* 536 N.W.2d 625 (Minn.1995). On direct appeal, this court affirmed the convictions.[1] *Id.* In March 2004, Koskela, representing himself, filed what he captioned as a "Memorandum and Motion to Dismiss For Lack of Subject Matter Jurisdiction," along with an affidavit in support of the "Memorandum and Motion." We read the "Memorandum and Motion" to allege that, because the statutes under which he was convicted do not contain an enacting clause or proper title,[2] they are void. We further read the "Memorandum and Motion" to allege that, because the statutes are void, the court in which he was convicted lacked subject matter jurisdiction over him and, therefore, his conviction must be vacated. The district court summarily denied the motion and Koskela appealed to this court.

■ For purposes of this appeal, we will treat Koskela's "Memorandum and Motion" as a petition for postconviction relief. *See* Minn.Stat. § 590.01, subds. 1, 2 (2002) (laying out procedure, after direct appeal has been taken, for a person convicted of a crime who claims that the conviction obtained or the sentence imposed violated his constitutional or statutory rights to obtain review). In this appeal, Koskela essentially repeats the arguments he made in the district court. In addition, he argues that one of the flags on display in the courtroom during his trial was improper and renders the verdict in his case invalid.

■ We will reverse the decision of a postconviction court only when that court abuses its discretion. *Perry v. State,* 595 N.W.2d 197, 200 (Minn.1999). Once a direct appeal has been taken, our decision in *State v. Knaffla* bars, in a subsequent postconviction proceeding, review of all claims raised or known but not raised on direct appeal. 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The *Knaffla* bar includes all claims that the appellant should have known of at the time of direct appeal. *King v. State,* 649 N.W.2d 149, 156 (Minn.2002). The *Knaffla* bar has two exceptions: (1) claims that are so novel that their legal basis was not reasonably available at the time of direct appeal; and (2) claims in which the appellant presents facts showing that fairness requires that the claims be reviewed in the interests of justice. *See Roby v. State,* 531 N.W.2d 482, 484 (Minn.1995).

To the extent that Koskela's "Memorandum and Motion" raises legally cognizable claims, those claims are barred by our *Knaffla* rule. Whether Minn.Stat. §§ 609.185(3) and 609.582, subd. 1 (1994), were enacted with a proper enacting clause and title could have been easily determined at the time of Koskela's direct appeal and raised therein. Having not

---

1. The underlying facts of the case can be found in our opinion on direct appeal.

2. Specifically, Koskela states:
   Nothing can be regarded as a law in this State which fails to conform to the constitutional prerequisites which call for an enacting clause and title. There is nothing in the complaints which can constitutionally be regarded as laws, and thus there is nothing in them which I am answerable for or which can be charged against me. Since there are no valid or constitutional laws charged against me there are no crimes that exist, consequently there is no subject matter jurisdiction by which I can be tried in the above-named court.

been raised therein, the claim is doomed.[3] The same is true for Koskela's claim regarding the courtroom flag.[4]

Because we conclude that Koskela's claims are barred by our decision in *State v. Knaffla,* we also conclude that the post-conviction court did not abuse its discretion in denying Koskela's "Memorandum and Motion."

Affirmed.

ANDERSON, G. BARRY, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

3. Koskela's claim is also doomed on its merits. Review of Laws of Minnesota for 1990, chapter 583, makes clear that Minn.Stat. § 609.185(3) was enacted with the proper enacting clause and title. Act of May 3, 1990, ch. 583, § 4, 1990 Minn. Laws 2198, 2201–02. Likewise, review of Laws of Minnesota for 1988, chapter 712, makes clear that Minn. Stat. § 609.582 was enacted with the proper enacting clause and title. Act of May 4, 1988, ch. 712, § 9, 1988 Minn. Laws 1649, 1654.

4. While we have disposed of this claim under *Knaffla,* we are compelled to note that the claim is wholly without merit. Moreover, there is nothing in the record before us that suggests that either claim is so novel that its legal basis was not reasonably available at the time of direct appeal or that the interests of justice require further review.