Harold Christopher WHITTEN,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A04–793.

Court of Appeals of Minnesota.

Jan. 11, 2005.

John M. Stuart, State Public Defender, Susan J. Andrews, Assistant Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by ROBERT H. SCHUMACHER, Presiding Judge; MINGE, Judge; and FORSBERG, Judge.[*]

## OPINION

MINGE, Judge.

Appellant challenges his conviction of unlawful possession of a firearm, arguing that his probation-discharge order informed him that all of his civil rights were restored. Because we conclude appellant's due-process rights were violated when the government prosecuted appellant, we reverse the district court's denial of appellant's petition for postconviction relief and vacate appellant's conviction.

## FACTS

In 1992, appellant Harold Christopher Whitten was convicted of a non-violent felony and sentenced to probation. The probation agreement appellant signed stated that "any person who has been convicted as a felon cannot lawfully own, use or possess a firearm until the conviction is expunged, set aside, pardoned or until civil rights are restored." Appellant signed a second probation agreement with the same firearm advisory in June 1994.

On May 20, 1997, appellant was discharged from probation. The district court order stated that appellant was "discharged from probation and restored to *all* civil rights and to full citizenship with full right to vote and hold office *the same as if said conviction had not taken place.*" (Emphasis added.) The order was on a standard, preprinted form listing two pro-

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

visions with a box beside each for the court to check if applicable:

☐ This offense is deemed to be a misdemeanor under the provisions of M.S.A. 609.13.

☐ You are not entitled to ship, transport, possess or receive a firearm until 10 years have elapsed since you have been restored to civil rights and during that time you are not to have been convicted of any other crime of violence.

Neither box was checked.

In November 1999, appellant was arrested for driving after cancellation of his license. After the arrest, the police found a shotgun and a rifle in the backseat of appellant's car. Appellant admitted he owned the firearms.

In March 2000, appellant pleaded guilty to the charge of unlawful possession of a firearm, Minn.Stat. § 624.713, subds. 1(b), 2 (1998). Then in October 2001, appellant filed a pro se postconviction petition for sentence review, claiming Minn.Stat. § 624.713 was unconstitutional for several reasons. The district court denied appellant's petition and he appealed. In his prior appeal to this court, appellant sought to withdraw his guilty plea and requested modification of his sentence. This court affirmed the district court's decision because appellant had waived these issues by failing to raise them at the district court.

In October 2003, appellant filed a second petition for postconviction relief, asserting his conviction violated his due-process rights because the district court informed him through the probation-discharge order that all his civil rights were restored and did not notify him that he could not possess firearms. Appellant relied on a recent, unpublished decision of this court.[1] After a hearing, the district court concluded appellant's claim was barred because (1) the claim was known, but not raised, in appellant's first petition for postconviction relief; (2) appellant could not base his claim on an unpublished case decided by the court of appeals; (3) appellant had not relied on the probation-discharge order; and (4) even if appellant had relied on the probation-discharge order, the reliance was not reasonable because appellant was responsible for knowing the laws that applied to him.

This appeal follows.

## ISSUES

I. Is appellant's claim barred because he did not raise the issue in his first motion for postconviction relief?

II. Does due process require the court to vacate appellant's conviction for unlawful possession of a firearm?

## ANALYSIS

A postconviction court's findings are reviewed "to determine whether there is sufficient evidentiary support in the record." *Dukes v. State*, 621 N.W.2d 246, 251 (Minn.2001). This court will not upset a postconviction court's decision unless the court abused its discretion. *Roby v. State*, 531 N.W.2d 482, 483 (Minn.1995).

### I.

In appellant's first petition for postconviction relief, he failed to raise the due-process issue he now raises. *See Whitten v. State*, No. C5–02–35, 2002 WL

---

1. The unpublished case was *State v. Amos*, No. CX–03–42, 2003 WL 22040016 (Minn. App. Sept. 2, 2003). Normally we would not cite or discuss unpublished decisions of this court. *See* Minn.Stat. § 480A.08, subd. 3(b) (2002). However, the timing of the release of this decision explains the timing of appellant's petition.

1466188 (Minn.App. July 9, 2002).[2] Generally, issues that were known to appellant and could have been raised in a prior direct appeal or petition for postconviction relief will not be reviewed upon a later petition for postconviction relief. *Jones v. State,* 671 N.W.2d 743, 746 (Minn.2003); *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) ("*Knaffla* rule"). Exceptions to the *Knaffla* rule exist. *Id.* The court may review claims that could have been raised in a prior appeal if the claims are "so novel that their legal basis was not reasonably available at the time of direct appeal" or if "the appellant presents facts showing that fairness requires that the claims be reviewed in the interests of justice." *Koskela v. State,* 690 N.W.2d 133, 134, 2004 WL 2964924, at *1 (Minn. Dec.23, 2004). *See also Jones v. State,* 671 N.W.2d 743, 746 (Minn.2003); *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997); *Roby v. State,* 531 N.W.2d 482, 484 (Minn. 1995).

Additionally, an appellate court may review any matter "as the interest of justice may require." Minn. R. Civ.App. P. 103.04. "Despite the *Knaffla* bar that attaches to [appellant's] ineffective assistance of trial counsel claims, we have at times opted to review an appellant's claims on the merits in the interests of justice." *Boitnott v. State,* 631 N.W.2d 362, 369–70 (Minn.2001). This court has invoked Minn. R. Civ.App. P. 103.04 to address constitutional issues despite the appellants' failure to properly raise the issues on appeal. *See, e.g., State v. Fingal,* 666 N.W.2d 420, 425 (Minn.App.2003) (invoking Minn. R. Civ.App. P. 103.04 to review appellant's due-process claims despite appellant's lack of standing); *In re Civil Commitment of Martin,* 661 N.W.2d 632, 640 n.

3 (Minn.App.2003) (invoking Minn. R. Civ. App. P. 103.04 to review the constitutionality of statute despite the district court's failure to address the issue); *State v. Mellett,* 642 N.W.2d 779, 784 (Minn.App.2002) (using Minn. R. Civ.App. P. 103.04 to address appellant's constitutional claims).

■ The question is whether this case fits within the *Knaffla* exception. Appellant asserts he has been prosecuted for possession of firearms after being told his rights had been restored without any limit on firearms possession. Although the district court indicates that appellant independently knew he could not possess firearms and did not rely on the probation-discharge order restoring his civil rights, the record does not contain evidence in support of such a finding. Prosecution for possession of items it was clearly implied appellant could possess presents an obvious question of fundamental fairness. Such a conviction appears to be so improper and unjust as to demand relief. At the same time, the impropriety of prosecution is so self-evident that it is hard to call this a novel question.

■ We note that there is no claim that appellant deliberately and inexcusably failed to raise the issue at any earlier stage in the proceeding. We further note that this state follows "the long-established rule that a government may not officially inform an individual that certain conduct is permitted and then prosecute the individual for engaging in that same conduct." *State v. McKown,* 475 N.W.2d 63, 68 (Minn.1991). Under these circumstances, we conclude that the exception to the *Knaffla* rule exists and that justice requires review of appellant's claim.

---

**2.** In his first petition, appellant claimed that the statute did not apply to shotguns until it was so amended and that it violated his due-

process rights to retroactively apply the statute to shotguns.

## II.

■ Next, we examine whether due process requires the court to vacate appellant's conviction for unlawful possession of a firearm. The due process clause of the Minnesota Constitution provides:

> Sec. 7. **Due process**. ... No person shall be held to answer for a criminal offense without due process of law, and no person shall ... be deprived of life, liberty or property without due process of law. ...

Minn. Const. Art. I, § 7. The Minnesota provision parallels the federal constitutional provision. *See* U.S. Const. amend. XIV, § 1. Due process prohibits state representatives from misleading individuals as to their legal obligations. *McDonnell v. Comm'r of Pub. Safety,* 473 N.W.2d 848, 854 (Minn.1991).

■ In *Raley v. Ohio,* the United States Supreme Court recognized that the government violates an individual's due-process rights when representatives of the state mislead individuals as to their legal obligations. 360 U.S. 423, 439, 79 S.Ct. 1257, 1267, 3 L.Ed.2d 1344 (1959). In *Raley,* four individuals were convicted of contempt after they refused to answer a state commission's questions. *Id.* at 424, 79 S.Ct. at 1259. Because the chairman of the commission had advised three of the individuals that they had the right to refuse to answer the questions, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment prohibited their convictions. *Id.* at 437, 439, 79 S.Ct. at 1266, 1267. This court has stated that the state may be precluded from prosecuting a person who acts because of reliance on the state's representations. *State v. White,* 464 N.W.2d 585, 590 (Minn.App. 1990) (citing *Raley v. Ohio,* 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959), *Cox v. Louisiana,* 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965)), *review denied* (Minn.

Mar. 15, 1991). Specifically, due-process considerations prevent the government from informing a felon that all his civil rights are restored and then prosecuting him for an act that would have been legal if all his civil rights had been restored. *United States v. Erwin,* 902 F.2d 510, 512–13 (7th Cir.1990), *cert denied* 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990).

■ Here, appellant signed probation agreements in 1992 and 1994, stating he could not possess a firearm "until civil rights are restored." When appellant was discharged from probation, the district court informed appellant he was "restored to all civil rights and to full citizenship with full right to vote and hold office the same as if said conviction had not taken place." The district court did not check the box on the preprinted discharge order to inform him he could not possess a firearm for another ten years. When the district court denied appellant's second petition, the district court called the failure to check the box "a clerical mistake." But permitting the state to charge appellant "for exercising a privilege which the State clearly had told him was available to him" is much more than a clerical mistake, it is "the most indefensible sort of entrapment." *Raley,* 360 U.S. at 438, 79 S.Ct. at 1266.

The district court points to the provisions of Minn.Stat. § 624.713, subd. 3 (1998), which provide that failure to notify persons convicted of certain crimes that they cannot possess firearms does not affect the prohibition. This court upheld this statute as applied to a person who did not receive notice and who had a prior conviction for vehicle theft against a defense that he did not know the prohibition applied to him. *State v. Grillo,* 661 N.W.2d 641, 645 (Minn.App.2003). The *Grillo* decision stated that a claim of ignorance of the law is not an acceptable de-

fense. *Id.* However, *Grillo* differs from the instant case. Here, the state not only failed to communicate the prohibition, but told appellant he would be eligible to own a firearm. The statute does not cover this type of situation. *See* Minn.Stat. § 624.713, subd. 3.

The district court also found that appellant did not rely upon the discharge order in believing he had the right to possess a firearm. But there is no evidence in the record before us to support this finding. A person has the right to rely on the promises of a government representative and may follow the advice or instructions of the representative, even if the advice is a misstatement of the law. *Raley,* 360 U.S. at 437, 439, 79 S.Ct. at 1266, 1267; *State v. McKown,* 475 N.W.2d 63, 68 (Minn.1991); *Plocher v. Comm'r of Pub. Safety,* 681 N.W.2d 698, 705 (Minn. App.2004). The state cannot indicate that a person has the right to possess firearms when all his civil rights are reinstated, tell him all his civil rights are reinstated, and then tell him that he should have known he could not possess a firearm. Because the district court order effectively advised appellant that he had the right to possess firearms, the Due Process Clause of the Minnesota Constitution and the Fourteenth Amendment to the United States Constitution prohibit his conviction.

## DECISION

Because the district court advised appellant that all his civil rights were restored but did not notify appellant that he could not possess firearms, we conclude that justice requires review of his claim. Upon such review, we conclude that the Due Process Clause of the Minnesota and United States Constitutions prohibited appellant's conviction. Thus, we reverse the district court's denial of appellant's post-conviction relief and vacate appellant's conviction.

**Reversed.**

ROBERT H. SCHUMACHER, Judge (dissenting).

I respectfully dissent. The district court was correct in determining that appellant's second petition for postconviction relief is procedurally barred. Appellant relies upon an unpublished case on due process decided by this court after his first appeal to argue that the due-process claim he now raises is novel. *See State v. Amos,* No. CX–03–42, 2003 WL 22040016 (Minn. App. Sept. 2, 2003). But at the time of his first petition, appellant was aware of all the facts that would have permitted him to raise a due-process claim: his felony conviction and the contents of his discharge order. The cases regarding due process on which this court relied in *Amos* were all decided before appellant's first petition. The arguments appellant now makes "had a reasonable basis in the law at the time of his appeal" and are not so novel or significant as to require review now. *Ademodi v. State,* 616 N.W.2d 716, 719 (Minn.2000).

Additionally, the district court concluded appellant did not rely on the order discharging him from probation. Although appellant had the opportunity when he pleaded guilty and again when he first appealed his conviction, he made no claim of reliance on the discharge order. The first time appellant made any claim that he relied on the discharge order was in his brief to this court on this second appeal. Because appellant's guilty plea was accurate, voluntary, and intelligent, and he has already had an appeal, I would affirm.