## STATE of Minnesota, Plaintiff,

### v.

## Harold Glenn LINVILLE, Jr., Defendant.

### No. A07–2323.

Court of Appeals of Minnesota.

Sept. 2, 2008.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Nicole E. Nee, Assistant County Attorney, Hastings, MN, for plaintiff.

Rodd A. Tschida, Minneapolis, MN, for defendant.

Considered and decided by ROSS, Presiding Judge; JOHNSON, Judge; and HARTEN, Judge.

### OPINION

HARTEN, Judge.*

The district court, after denying a motion to dismiss a charge of possession of

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

firearms by an ineligible person, certified to this court the following question:

> If the State and Defendant agree that *Whitten v. State,* 690 N.W.2d 561 (Minn. App.2005) (conviction for felon-in-possession vacated where defendant's previous discharge order restored defendant to all civil rights and left blank the prohibition against firearm possession) directly applies to warrant a dismissal of a charge of felon in possession of a firearm, does the fact of arraignment in the dismissed case then negate the application of *Whitten* in a future case on the same charge?

We answer the certified question in the affirmative and affirm the district court's denial of the motion to dismiss.

## FACTS

In September 2003, defendant Harold Linville was convicted of felony unauthorized use of a motor vehicle, a crime of violence within the meaning of Minn.Stat. § 624.712, subd. 5 (2002). His conviction made him ineligible to possess firearms. Minn.Stat. § 624.713, subd. 1(b) (2002). He was placed on probation, from which he was discharged in June 2006. On the discharge order, the box preceding the statement "[y]ou are not entitled to ship, transport, possess or receive a firearm until 10 years have elapsed since you have been restored to civil rights and during that time you are not to have been convicted of any other crime of violence" was erroneously left blank.

In December 2006, appellant was charged with, among other things, possession of a firearm by an ineligible person (the December charge). He was arraigned and given a copy of the complaint. He posted a bond and was released; his release order had an "X" in the blank preceding the statement, "The Defendant shall not possess any weapons/ammo/firearms."

Defendant moved successfully to dismiss the December charge, relying on an unpublished and non-precedential decision of this court, *State v. Amos,* No. CX–03–42, 2003 WL 22040016 (Minn.App. 2 Sept. 2003) (reversing and vacating conviction for possession of firearms of individual whose notice of discharge erroneously informed him he was restored to all civil rights and did not inform him that he was prohibited from possessing firearms).

In May 2007, defendant was again charged with, among other things, possession of a firearm by an ineligible person (the May charge); he was again arraigned and given a copy of the complaint.

Defendant moved to dismiss the May charge on the same ground as the December charge, i.e., the fact that, on the discharge order, the box preceding the statement that he was ineligible to possess firearms had been left blank, relying this time on *Whitten v. State,* 690 N.W.2d 561, 565 (Minn.App.2005) (reversing conviction of possession of firearms because discharge order had no check before statement prohibiting possession of firearms). The district court denied defendant's motion to dismiss the May charge, reasoning that "while [defendant] had an argument initially [i.e., for the December charge] that he had no notice that he was not to possess firearms due to the defective discharge notice, once he was arraigned on [the December charge], appropriate notice was given."

Defendant challenged the denial of his motion to dismiss and moved to certify to this court the question of the repeated application of *Whitten.*

## ISSUE

If an individual previously arraigned on a charge of possession of firearms by an

ineligible person has moved successfully for dismissal of that charge under *Whitten v. State,* 690 N.W.2d 561 (Minn.App.2005), does that arraignment preclude the dismissal under *Whitten* of a subsequent charge of possession of firearms by an ineligible person?

## ANALYSIS

"The failure of the court to provide this information [ineligibility of individual convicted of crime of violence to possess firearms] to a defendant does not affect the applicability of the ... prohibition or the felony penalty to that defendant." Minn. Stat. § 624.713, subd. 3(a) (2006). The statute applies to a defendant whose discharge order did not notify him of the prohibition because his crime was not classified as a crime of violence until after his discharge. *State v. Grillo,* 661 N.W.2d 641, 645 (Minn.App.2003), *review denied* (Minn. 5 Aug. 2008). This holding is based on "a long-held principle in Minnesota that ignorance of the law is not a defense when it would have been possible, had [the defendant] made the effort to do so, to learn of the existence of the prohibition." *Id.*

But *Whitten v. State,* 690 N.W.2d 561, 566 (Minn.App.2005), reversed a conviction of possession of firearms by an·ineligible person because the defendant's discharge order did not have a check in the blank preceding the statement of ineligibility to possess a firearm. *Whitten* distinguished *Grillo* on the ground that, in *Grillo,* the state merely "failed to communicate the prohibition," whereas in *Whitten,* the state "told [the defendant] he would be eligible to own a firearm." *Id.*

Thus, the *Whitten* and *Grillo* holdings are reconciled on the basis of what the state communicated to the defendant concerning his eligibility to possess firearms. Here, the state clearly communicated to appellant that he was ineligible to possess firearms in December 2006 when it served him with a complaint and arraigned him because he had firearms in his possession. At no point after that did the state communicate to appellant that he was eligible to possess firearms. The district court correctly found that the period during which appellant could argue, under *Whitten,* that he had not been informed of his ineligibility expired when he was arraigned on the charge of illegal possession of firearms.

## DECISION

We affirm the denial of defendant's motion to dismiss and answer the certified question in the affirmative: arraignment on a charge of ineligible possession of a firearm precludes subsequent application of the *Whitten* defense.

**Certified question answered in the affirmative.**