*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2124**

State of Minnesota,
Respondent,

vs.

Doua Chang,
Appellant.

**Filed December 29, 2014
Affirmed
Peterson, Judge**

Ramsey County District Court
File No. 62-CR-12-9947

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota

Considered and decided by Peterson, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from a conviction of possession of a firearm by an ineligible person, appellant argues that due process requires reversal of his conviction, which was based on

a 2001 California conviction of assault with a deadly weapon, because the California court did not list as a condition of his probation that he could not possess firearms and affirmatively represented that he was eligible to do so. We affirm.

## FACTS

In 2001, a California juvenile court adjudged appellant Doua Chang a ward of the court based on sustained petitions of assault with a deadly weapon and possession of a knife. The disposition order in the California case is a form order on which the court checked off applicable provisions and added information as needed. The final section in the form is a list of probation conditions, one of which prohibited ownership or possession of "any dangerous or deadly weapons." None of the listed probation conditions was checked.

On February 21, 2011, St. Paul Police responded to a complaint made by appellant's girlfriend. About three weeks later, police executed a search warrant at appellant's residence and found a small-caliber handgun. Appellant admitted that the gun belonged to him.

In December 2012, the state charged appellant with possession of a firearm by an ineligible person, second-degree assault, and terroristic threats. Appellant moved to dismiss the firearm-possession charge on due-process grounds. The district court denied appellant's motion. The state agreed to dismiss the assault and terroristic-threats charges, and the parties submitted the firearm-possession charge to the district court for decision on stipulated facts. The district court found appellant guilty of firearm possession by an ineligible person and sentenced him to a stayed term of 60 months. This appeal followed.

2

**D E C I S I O N**

"No person shall be held to answer for a criminal offense without due process of law, and no person shall . . . be deprived of life, liberty or property without due process of law." Minn. Const. art. I, § 7; *accord* U.S. Const. amend. XIV, § 1. Whether a criminal defendant's right to due process has been violated is a question of law, which we review de novo. *State v. Lehman*, 749 N.W.2d 76, 82 (Minn. App. 2008), *review denied* (Minn. Aug. 5, 2008).

"Due process prohibits state representatives from misleading individuals as to their legal obligations." *Whitten v. State*, 690 N.W.2d 561, 565 (Minn. App. 2005).

> [T]he state may be precluded from prosecuting a person who acts because of reliance on the state's representations. Specifically, due-process considerations prevent the government from informing a felon that all his civil rights are restored and then prosecuting him for an act that would have been legal if all his civil rights had been restored.

*Id.* (citations omitted).

The *Whitten* court held that a conviction for possession of a firearm by an ineligible person violated due process under the following circumstances:

> [A]ppellant signed probation agreements in 1992 and 1994, stating he could not possess a firearm "until civil rights are restored." When appellant was discharged from probation, the district court informed appellant he was "restored to all civil rights and to full citizenship with full right to vote and hold office the same as if said conviction had not taken place." The district court did not check the box on the preprinted discharge order to inform him he could not possess a firearm for another ten years.

*Id.*

3

Appellant argues that the unchecked box on the disposition order "next to the firearm prohibition told [appellant] that he was eligible to possess firearms. [Appellant] was entitled to rely on the unchecked box to inform him of his right to possess a firearm, and therefore [appellant's] conviction for possession of a firearm violated due process." Unlike the documents and the district court's statement in *Whitten*, the California disposition order did not address the restoration of appellant's civil rights or his entitlement to possess firearms following discharge from probation. The disposition order set conditions that applied to appellant while he was on probation; it did not provide notice of appellant's status following discharge from probation. A lack of notice of ineligibility does not affect the applicability of the statute prohibiting possession of a firearm or its penalty. *State v. Grillo,* 661 N.W.2d 641, 645 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003); *see also* Minn. Stat. § 624.713, subd. 3(a) (2014) (stating that lack of notice does not affect prohibition or penalty).

Moreover, the claimed representation in this case was made by a California state court applying California law. "[A] government may not officially inform an individual that certain conduct is permitted and then prosecute the individual for engaging in that same conduct." *State v. McKown*, 475 N.W.2d 63, 68 (Minn. 1991). This "provides a narrow exception to the general rule that ignorance of the law is no defense," and to come within the exception a defendant must show actual reliance on a point of law misrepresented by a state official and that such reliance was objectively reasonable "given the identity of the official, the point of law represented, and the substance of the misrepresentation." *United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir. 1998).

There was no representation by any Minnesota official, and appellant has not shown that, after he moved to Minnesota, it was objectively reasonable to rely on a representation by California officials regarding his right to possess weapons while on probation in California. When he moved to Miinesota, it was incumbent on appellant to learn the law in Minnesota. "[I]gnorance of the law is not a defense when it would have been possible, had appellant made the effort to do so, to learn of the existence of the prohibition [against possessing a firearm]." *Grillo*, 661 N.W.2d at 645.

**Affirmed.**