*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1848**

State of Minnesota,
Respondent,

vs.

James Patrick Jones,
Appellant.

**Filed September 6, 2016
Affirmed
Johnson, Judge**

Cass County District Court
File No. 11-CR-14-216

Lori Swanson, Attorney General, Karen B. Andrews, Assistant Attorney General, St. Paul, Minnesota; and

Christopher J. Strandlie, Cass County Attorney, Walker, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Halbrooks, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

James Patrick Jones was convicted of being an ineligible person in possession of a

firearm. Before trial, Jones moved to dismiss the charge, arguing that being convicted of

that offense would violate his right to due process on the ground that the state had led him to believe that he could lawfully possess a firearm after he completed probation for a prior juvenile adjudication. The district court denied the motion, reasoning that the state did not mislead Jones with respect to his ineligibility to possess a firearm. We affirm.

**FACTS**

On February 3, 2014, a conservation officer stopped a vehicle in the city of Cass Lake. Jones was one of five persons in the vehicle. The officer detected the odor of burnt marijuana coming from the vehicle, which led to searches of the vehicle and the persons in the vehicle. An officer found, among other things, marijuana and a pistol. Jones admitted to the officer that the marijuana and the pistol belonged to him.

The state charged Jones with (1) being an ineligible person in possession of a firearm, in violation of Minn. Stat. § 624.713, subd. 1(2) (2012), and (2) the petty misdemeanor offense of possession of a small amount of marijuana, in violation of Minn. Stat. § 152.027, subd. 4(a) (2012).

The state's allegations concerning count 1, the possession-of-a-firearm offense, are based on the fact that Jones, when he was a juvenile, was adjudicated delinquent for committing felony theft of a firearm, in violation of Minn. Stat. § 609.52, subds. 2(1), 3(1) (2010). *See* Minn. Stat. § 624.713, subd. 1(2) (2010) (providing that persons adjudicated delinquent for certain crimes are ineligible to possess a firearm). At the time of Jones's juvenile adjudication in May 2012, the district court in that case placed him on probation. Jones signed a probation agreement that imposed 12 conditions on his probation. The fifth condition states, "I will secure advance approval from the Probation Officer if at any time

2

I wish to . . . [o]wn or carry firearms or other weapons, including knives; and, absolutely no pistols or handguns." In May 2013, Jones's probation officer informed the district court that Jones had complied with the terms of his probation, and the probation officer recommended that the case be closed. In June 2013, the district court issued a one-sentence order, stating, "Pursuant to the above request, the jurisdiction in this matter is terminated."

In April 2014, Jones moved to dismiss count 1 of the complaint. He argued that the probation agreement and discharge order in his juvenile case led him to believe that he was eligible to possess a firearm after he completed his period of juvenile probation. Jones submitted those two documents with his motion papers as exhibits but did not offer any testimony at the hearing on the motion. In July 2014, the district court denied the motion. In its memorandum, the district court stated that "the Court does not find that [the probation agreement] creates an affirmative representation that Mr. Jones may possess a firearm."

In June 2015, the district court found Jones guilty on both counts after a court trial. In August 2015, the district court sentenced Jones to 60 months of imprisonment on count 1. Jones appeals.

**D E C I S I O N**

Jones argues that the district court erred by denying his pre-trial motion to dismiss count 1 of the complaint. Specifically, he argues that his conviction on count 1 violates his right to due process because the state led him to believe that he could possess a firearm after he completed his juvenile probation.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution forbids the state from depriving a person of life, liberty, or property "without

3

due process of law." U.S. Const. amend. XIV, § 1. The Minnesota Constitution includes the same text. Minn. Const. art. I, § 7. The United States Supreme Court has held that the principle of due process prohibits a state from "convicting a citizen for exercising a privilege which the State clearly had told him was available to him." *Raley v. Ohio*, 360 U.S. 423, 438, 79 S. Ct. 1257, 1266 (1959). Similarly, our supreme court has stated that due process "does not permit those who are perceived to speak for the state to mislead individuals as to either their legal obligations or the penalties they might face should they fail to satisfy those obligations." *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848, 854 (Minn. 1991).

In addition, the right to due process prohibits the state from informing a person that he is eligible to possess a firearm if he is not so eligible. In *Whitten v. State*, 690 N.W.2d 561 (Minn. App. 2005), the defendant was convicted of unlawful possession of a firearm due to a prior conviction, in violation of Minn. Stat. § 624.713, subds. 1(b), 2 (1998). *Whitten*, 690 N.W.2d at 563. At the time of his prior conviction, the defendant had signed a probation agreement that stated, "any person who has been convicted as a felon cannot lawfully own, use or possess a firearm until the conviction is expunged, set aside, pardoned or until civil rights are restored." *Id.* at 562. When the defendant completed his probation, the district court issued a discharge order that stated that he "was discharged from probation and restored to all civil rights and to full citizenship with full right to vote and hold office the same as if said conviction had not taken place." *Id.* The discharge order included a check-box that, if checked, would have indicated that the defendant was not entitled to possess a firearm until ten years after the restoration of his civil rights, but the box was not

4

checked. *Id.* at 563. In fact, the law did not permit the defendant to possess a firearm for ten years, even though he was discharged from probation and had his civil rights restored. *See* Minn. Stat. § 624.713, subds. 1(b), 2. On appeal, the defendant argued that his conviction violated his right to due process. *Whitten*, 690 N.W.2d at 565. We agreed, reasoning that "[t]he state cannot indicate that a person has the right to possess firearms when all his civil rights are reinstated, tell him all his civil rights are reinstated, and then tell him that he should have known he could not possess a firearm." *Id.* at 566. Accordingly, we vacated the conviction. *Id.*

In this case, Jones cites *Whitten* and requests the same relief. He contends, "The State's documents regarding Appellant's probation were vague and confusing and did not properly apprise Appellant of the permanent suspension of his firearm rights." He also contends that "there is no mention of restrictions of Appellant's right to own or possess firearms" in the district court's discharge order.

Jones's contentions do not resemble the reasoning of *Whitten*. In *Whitten*, the defendant prevailed on appeal because his probation agreement and the district court's discharge order *affirmatively misled* him to believe that he was permitted to possess a firearm after he was discharged from probation. 690 N.W.2d at 562-63. But in the portions of his brief quoted above, Jones contends that his probation agreement and discharge order are silent as to whether he may possess a firearm. The omission of such information is not a violation of the right to due process because there is no constitutional right to notice that one is prohibited from possessing a firearm. *See State v. Grillo*, 661 N.W.2d 641, 645 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003).

5

Jones also contends in other portions of his brief that the state affirmatively misled him. Specifically, he contends that "the State misled [him] as to his firearm rights" and that he "reasonably relied on the State's omissions and affirmative misrepresentations to him, which caused him to believe that he could lawfully possess a firearm." His most specific example of an affirmative misrepresentation is his contention that the probation agreement implies that he would be permitted to possess a firearm after completing probation because it says that he may do so during his probationary period if he has the permission of his probation officer.

The factual record before the district court on Jones's pre-trial motion to dismiss simply does not reveal any affirmative misrepresentations of the type that were present in *Whitten*. The critical distinction between this case and *Whitten* is that the probation agreement in *Whitten* made a statement about the defendant's rights after the completion of the defendant's probation, but the probation agreement in this case does not make any statement about what Jones may or may not do after completing probation. The district court's discharge order is even more innocuous. It states merely that Jones no longer is subject to the jurisdiction of the court. The order says nothing whatsoever about firearms or the restoration of Jones's civil rights. And the order does not include a misleading unchecked box, as in *Whitten*. *See* 690 N.W.2d at 563. Thus, unlike *Whitten*, in which there were affirmative misstatements that the defendant could possess a firearm after completing probation, there is no such affirmative misstatement in the record that was before the district court at the time of Jones's motion to dismiss.

6

In sum, the district court did not err by denying Jones's pre-trial motion to dismiss count 1 of the complaint.

**Affirmed.**