# STATE OF MINNESOTA
## IN COURT OF APPEALS
### A23-1524

Joel Armen Underwood, III., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 10, 2024**
**Affirmed**
**Reyes, Judge**

Anoka County District Court
File No. 02-CR-21-2365

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Kelsey R. Kelley, Assistant County Attorney, Anoka, Minnesota (for respondent)

Considered and decided by Ede, Presiding Judge; Reyes, Judge; and Larson, Judge.

## SYLLABUS

When a district court's order accurately informs a defendant of their legal obligations under the then-existing version of Minn. Stat. § 624.713, and the legislature later modifies those obligations by amending section 624.713, the state does not violate a defendant's due-process rights by charging the defendant for a violation of the amended statute.

**OPINION**

**REYES**, Judge

In this appeal from the postconviction court's order denying postconviction relief, appellant argues that (1) the state violated his due-process rights by charging him with unlawful firearm possession because the district court's probation-discharge order stated that he could possess firearms beginning in 2010 and (2) he entered an invalid guilty plea because he did not admit that he knew he was unable to possess firearms at the time of his arrest. We affirm.

**FACTS**

In 1998, appellant Joel Armen Underwood III pleaded guilty to third-degree assault, and the district court placed him on probation. Because third-degree assault is a "crime of violence" under Minn. Stat. § 624.712, subd. 5 (1996), when the district court discharged appellant from probation in 2000, it checked a box on his probation-discharge form stating that he was "not entitled to ship, transport, possess or receive a firearm until 10 years [after the date of the order]." The discharge order's advisory properly cited the then-existing statute regarding firearm restrictions for individuals convicted of a crime of violence— Minn. Stat. § 624.713, subd. 3 (2000). However, in 2003, the legislature amended Minn. Stat. § 624.713, subd. 3, to impose a lifetime prohibition on firearm possession for those convicted of a crime of violence. 2003 Minn. Laws, ch. 28, art. 3, §§ 8, at 293-94; 10, at 296.

Nearly two decades later, in April 2021, officers arrested appellant after responding to reports of a man attempting to cash a suspicious check. During his arrest, appellant

2

admitted to having a firearm on his person. Respondent State of Minnesota subsequently charged appellant in Anoka County district court with unlawful possession of a firearm under Minn. Stat. § 624.713, subd. 1(2) (2020). Ten months later, the state charged appellant with the same offense in Scott County district court. *See State v. Underwood*, No. A23-0054, 2024 WL 160061, at *1 (Minn. App. Jan. 16, 2024), *rev. denied* (Minn. Apr. 16, 2024). Appellant pleaded guilty to both charges.

During appellant's plea colloquy for the Anoka County offense at issue here, he admitted that he knowingly possessed a firearm and that he had been convicted previously of a crime of violence. However, when asked if he knew that his 1999 conviction prohibited him from possessing a firearm, appellant responded, "No ma'am. I didn't know a felony from 20 years prior would [a]ffect [my ability to possess a firearm]." The district court accepted appellant's guilty plea and sentenced him to 60 months' imprisonment.

Appellant filed a petition for postconviction relief seeking to vacate his Anoka County conviction. In his petition, appellant argued that (1) because the district court's 2000 order stated that he could possess a firearm after ten years, the state's post-2010 prosecution for unlawful firearm possession violated his due-process rights and (2) he entered an invalid guilty plea because he did not admit that he knowingly violated Minn. Stat. § 624.713 (2020).[1] The postconviction court denied appellant's petition.

This appeal follows.

---

[1] Appellant raised the same issues in his postconviction petition challenging his Scott County conviction. In January 2024, we issued an opinion rejecting appellant's arguments and affirming his Scott County conviction. *Underwood*, 2024 WL 160061.

**ISSUES**

I.      Did the postconviction court abuse its discretion by erroneously determining that appellant's Anoka County conviction did not violate his due-process rights?

II.     Did the postconviction court abuse its discretion by denying appellant's request to withdraw his guilty plea?

**ANALYSIS**

Appellate courts review a postconviction court's denial of a petition for postconviction relief for an abuse of discretion. *Caldwell v. State*, 976 N.W.2d 131, 137 (Minn. 2022). To determine whether the postconviction court abused its discretion, appellate courts review the postconviction court's factual findings for clear error and its legal conclusions de novo. *Id.*

**I.    The postconviction court did not abuse its discretion by erroneously determining that appellant's Anoka County conviction did not his violate due-process rights.**

Appellant asserts that, because his probation-discharge order represented that appellant could possess firearms beginning in 2010, the state's 2021 prosecution for unlawful firearm possession violated his due-process rights. We are not convinced.

Both the federal and state constitutions guarantee that no individual shall be deprived of life, liberty, or property, "without due process of law." U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. Appellate courts review alleged due-process violations de novo. *State v. Krause*, 817 N.W.2d 136, 144 (Minn. 2012). The state violates the Due Process Clause when it affirmatively misleads criminal defendants as to their legal obligations. *Whitten v. State*, 690 N.W.2d 561, 565 (Minn. App. 2005).

4

Appellant relies on *Whitten* to support his argument that the state violated his due-process rights. In *Whitten*, under the existing law, it was unlawful for Whitten to possess a firearm for ten years, yet the district court failed to check a box on the probation-discharge order articulating the existing law. 690 N.W.2d at 563. Within the ten-year period, the state charged Whitten with unlawful possession of a firearm. *Id.* We concluded that, because the district court's failure to check the firearm-prohibition box affirmatively misled Whitten to believe that he could possess a firearm, the state violated Whitten's due-process rights by charging him with unlawful firearm possession. *Id.* at 566.

In contrast, the state argues appellant's situation is more akin to *State v. Grillo*, 661 N.W.2d 641 (Minn. App. 2003), *rev. denied* (Minn. Aug. 5, 2003). There, the district court adjudicated Grillo, a juvenile, delinquent for felony theft of a motor vehicle, an offense that was not a "crime of violence" at the time of his adjudication. 661 N.W.2d 641, 643 (Minn. App. 2003), *rev. denied* (Minn. Aug. 5, 2003). The legislature subsequently amended section 624.712, subdivision 5, to include felony auto theft as a "crime of violence," and amended section 624.713, subd. 1(b), to include juveniles adjudicated delinquent of violent crimes as a class of persons prohibited from owning firearms. *Id.* The district court later convicted Grillo of unlawful firearm possession under the amended statute. *Id.* at 644.

Grillo challenged his conviction on due-process grounds, asserting that his prior discharge order affirmatively misled him to believe he could possess a firearm. *Id.* at 644-45. We disagreed, concluding that Grillo's conviction did not violate his due-process rights because (1) the legislative amendments did not subject Grillo to "immediate punitive

5

consequences" but merely exposed him to punishment for a potential future violation of section 624.713; (2) the discharge notice accurately reflected the state of the law at the time of his adjudication; the district court was not required to provide notice of section 624.713 for the statute to be enforceable; and (3) Grillo's ignorance of the law did not provide a defense when he could have learned of the prohibition with minimal effort. *Id.* at 644-45 (citing *State v. King*, 257 N.W.2d 693, 697-98 (Minn. 1977)).

We conclude that the facts in this case are more akin to *Grillo* than *Whitten*. Unlike *Whitten*, the district court here checked the correct box on appellant's discharge form, which notified him of his ineligibility to possess a firearm for ten years. This notice did not affirmatively misrepresent appellant's legal obligations, but accurately reflected the then-existing law. Three years later, the legislature amended section 624.713 to impose a lifetime firearm prohibition on those convicted of a crime of violence. 2003 Minn. Laws, ch. 28, art. 3, §§ 8, at 293-94; 10, at 296.

Like *Grillo*, the 2003 amendments did not impose any immediate punitive consequences on appellant but merely exposed him to a potential future violation of section 624.713. As in *Grillo*, appellant's ignorance of the law is not a defense when he could have learned of his new legal obligations with minimal effort and had seven years to discover his lifetime firearm prohibition before it took effect, giving him sufficient notice. 661 N.W.2d at 645; *see also King*, 257 N.W.2d at 698 (concluding that, because defendant had over two years to learn that phentermine was controlled substance, and because she could have acquired that knowledge with minimal effort or by viewing Federal Register, she had adequate notice that her possession of phentermine was unlawful).

6

State officials never affirmatively misrepresented appellant's legal obligations. Instead, the legislative amendments modified appellant's right to possess a firearm three years after he was discharged from probation and eighteen years before the state charged him with unlawful firearm possession. Appellant is presumed to know the law and be up-to-date with the current law. *State v. Calmes*, 632 N.W.2d 641, 648 (Minn. 2001). The postconviction court therefore did not abuse its discretion by determining that, under *Grillo*, the state's prosecution of the Anoka County offense did not violate appellant's right to due process.[2]

Accordingly, we hold that, when a district court's discharge order accurately informs a defendant of their legal obligations under Minn. Stat. § 624.713, and the legislature later modifies those obligations by amending section 624.713, the state does not violate a defendant's due-process rights by charging them for a violation of the amended statute.

---

[2] We reached the same conclusion in *State v. Johnson*, No. A11-2043, 2012 WL 5289733 (Minn. App. Oct. 29, 2012), *rev. denied* (Minn. Jan. 15, 2013). In *Johnson*, appellant's 1995 probation-discharge order checked the box indicating that he could not own firearms for ten years. *Id.* at *1. Following the 2003 amendments, the state charged appellant in 2010 with unlawful firearm possession under Minn. Stat. § 624.713. We concluded that, although the state charged appellant over ten years after his discharge from probation, because appellant was presumed to have notice of the statutory amendment, he could not rely on the 1995 order to avoid prosecution under the new law. *Id.* at *3 (citing *King*, 257 N.W.2d at 697-98). We cite this nonprecedential opinion for its persuasive value only. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c).

7

**II.** **The postconviction court did not abuse its discretion by denying appellant's request to withdraw his guilty plea.**

Appellant contends that he should be permitted to withdraw his guilty plea because he never admitted to committing a knowing violation of Minn. Stat. § 624.713, which he claims is a necessary element of the offense. We are not persuaded.

When a petitioner seeks to withdraw a guilty plea after sentencing, they must do so through a petition for postconviction relief. *Weitzel v. State*, 883 N.W.2d 553, 556 (Minn. 2016). Although criminal defendants do not have an absolute right to withdraw their guilty pleas, reviewing courts must allow withdrawal if "necessary to correct a manifest injustice." *Id.* (quotation omitted); Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs when a district court accepts an invalid guilty plea, meaning that the plea is not accurately, voluntarily, and intelligently made. *Schwartz*, 957 N.W.2d at 418. The defendant has the burden to prove his plea was invalid. *Weitzel*, 883 N.W.2d at 556.

Appellant's contention, that Minn. Stat. § 624.713 contains a mens rea element requiring the state to prove that he "knowingly" violated the statute, presents a question of statutory interpretation that we review de novo. *Id.* Although ignorance of the law is generally not a defense, knowledge of the law is an element of an offense "when the statute's text requires it." *State v. Mikulak*, 903 N.W.2d 600, 604, n.5 (Minn. 2017). The legislature therefore often uses the explicit phrase "knowingly violates" to indicate when a knowing violation of the statute is an element of the offense. *See, e.g.*, *id.* at 603 (concluding that "knowingly violates" language in Minn. Stat. § 243.166, subd. 5(a), required defendants to know that they were violating registration statute to be convicted);

8

*State v. Gunderson*, 812 N.W.2d 156, 162 (Minn. App. 2012) (distinguishing felony and misdemeanor harassment-restraining-order violations based on additional requirement that felony offenders "knowingly violate[]" existing restraining orders).

Section 624.713 provides that those who are ineligible to possess firearms include "a person who has been convicted of . . . a crime of violence" and that ineligible persons who possess firearms are "guilty of a felony." Minn. Stat. § 624.713, subds. 1(2), 2(b) (2020). Appellant concedes that section 624.713 does not explicitly state a mens rea requirement. However, he cites *State v. Harris*, 895 N.W.2d 592 (Minn. 2017), and *In re Welfare of S.J.J.*, 755 N.W.2d 316 (Minn. App. 2008), to argue that Minnesota courts have read a "knowing" mens rea into section 624.713. However, even though cases such as *Harris* and *S.J.J.* have inferred a mens rea element in section 624.713, those cases only require the state to show that a defendant knowingly possessed a firearm, not that they knowingly violated the statute. *Harris*, 895 N.W.2d at 601; *S.J.J.*, 755 N.W.2d at 318. In other words, the implied mens rea requirement applied to an element of the offense, but not to the fact that certain conduct constituted a violation of the statute.

Appellant's reliance on *Rehaif v. United States*, 588 U.S. 225 (2019), fails for similar reasons. In *Rehaif*, the Supreme Court held that the government had to prove that a defendant knew their firearm possession was unlawful to convict them under a federal firearm-prohibition statute. *Id.* at 237. However, like the statutes at issue in the Minnesota cases finding a knowing-violation requirement, the statute in *Rehaif* provided that whoever "knowingly violates" the statute could be sentenced to up to ten years imprisonment. *Id.* at 229 (citing 18 U.S.C. §§ 922(g), 924(a)(2)). Because the text of section 624.713 does

9

not explicitly require the state to prove that appellant committed a knowing violation of the statute, appellant's argument fails. *Mikulak*, 903 N.W.2d at 604, n.5.

During his plea colloquy, appellant waived his rights and admitted to all necessary elements to sustain a conviction under section 624.713. Appellant therefore entered a constitutionally valid guilty plea and is not entitled to withdraw his plea.[3] *Schwartz*, 957 N.W.2d at 418.

## DECISION

We hold that, when a district court's order accurately informs a defendant of their legal obligations under the then-existing version of Minn. Stat. § 624.713, and the legislature later modifies those obligations by amending section 624.713, the state does not violate a defendant's due-process rights by charging them under the amended statute.

Here, the district court's probation-discharge order accurately advised appellant of his ten-year firearm prohibition under the then-existing statute. Because appellant is presumed to have had knowledge of his lifetime-firearm prohibition following the 2003 legislative amendment, the state did not violate his due-process rights by charging him with unlawful firearm possession in 2021 despite the district court's order stating that he would be eligible to possess firearms beginning in 2010.

**Affirmed.**

---

[3] We reached the same conclusion in appellant's Scott County case. *See Underwood*, 2024 WL 160061, at *3-4.